1  Edwin Aiwazian (Cal. State Bar No. 232943)
       *edwin@calljustice.com*
2  Arby Aiwazian (Cal. State Bar No. 269827)
       *arby@calljustice.com*
3  Joanna Ghosh (Cal. State Bar No. 272479)
       *joanna@calljustice.com*
4  Brian J. St. John (Cal. State Bar No. 304112)
       *brian@calljustice.com*
5  Selena Matavosian (Cal. State Bar No. 348044)
       *selena@calljustice.com*
6  **LAWYERS *for* JUSTICE, PC**
   410 West Arden Avenue, Suite 203
7  Glendale, California 91203
   Tel: (818) 265-1020 / Fax: (818) 265-1021
8
   *Attorneys for* Plaintiff
9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  CRUZ PEREZ JR., individually, and     Case No.: 2:22-cv-00145-RAO
    on behalf of other members of the
14  general public similarly situated;    Honorable Rozella A. Oliver
                                          Courtroom 590
15                  Plaintiff,
                                          **CLASS ACTION**
16       vs.
                                          **PLAINTIFF'S NOTICE OF MOTION**
17  BODYCOTE THERMAL               **AND MOTION FOR PRELIMINARY**
    PROCESSING, INC., an unknown   **APPROVAL OF CLASS ACTION**
18  business entity; and DOES 1 through   **SETTLEMENT; MEMORANDUM OF**
    100, inclusive,                **POINTS AND AUTHORITIES IN**
19                                 **SUPPORT THEREOF**
                  Defendants.
20                                 [Declaration of Proposed Class Counsel
                                   (Selena Matavosian); Declaration of
21                                 Proposed Class Representative (Cruz Perez
                                   Jr.); and [Proposed] Order filed
22                                 concurrently herewith]

23                                 Date:        January 10, 2024
                                   Time:        10:00 a.m.
24                                 Courtroom:   590

25                                 Complaint Filed:  November 17, 2021
                                   FAC Filed:        February 18, 2022
26                                 Trial Date:       None Set

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 10, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Rozella A. Oliver in Courtroom 590 of the United States District Court for the Central District of California, located at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, 5th Floor, Los Angeles, California 90012, Plaintiff Cruz Perez, Jr. ("Plaintiff") will and hereby does move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the parties' Joint Stipulation of Settlement and Release Of Class Action and PAGA Claims ("Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Selena Matavosian in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the means of allocation and distribution of the Gross Settlement Amount, and the proposed allocations for Class Counsel Award, Class Representative Enhancement Payment, PAGA Settlement Amount, FCRA Settlement Amount, and Settlement Administrator Costs;

- Certifying the proposed California Class and FCRA Class for settlement purposes only;

- Preliminarily appointing Plaintiff Cruz Perez Jr. as Class Representative for settlement purposes only;

- Preliminarily appointing Arby Aiwazian, Joanna Ghosh, Vartan Madoyan, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel for settlement purposes only;

- Approving the proposed Notices of Proposed Class Action Settlement and Hearing Date for Court Approval ("Class Notice"), attached as "**EXHIBIT 1**" (for Class Members who are only California Class Members), "**EXHIBIT 2**" (for Class Members who are only FCRA Class

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Members), and "**EXHIBIT 3**" (for Class Members who are both California Class Members and FCRA Class Members), respectively,

- Entering the [Proposed] Order Granting Preliminary Approval of Class Action Settlement;
- Appointing Simpluris, Inc. as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminarily approving Settlement Administrator Costs;
- Directing the Settlement Administrator to mail the Class Notice to the proposed Class;
- Approving the proposed deadlines for the notice and administration process as reflected herein and in the Settlement Agreement; and
- Scheduling a hearing to consider final approval of the Settlement, at which time the Court will also consider whether to grant final approval of the requests for an award of the Class Counsel Award, Class Representative Enhancement Payment, Settlement Administrator Costs, and allocation for FCRA Settlement Amount and PAGA Settlement Amount.

This motion is based upon the following Memorandum of Points and Authorities; the Settlement Agreement; the Declarations of Proposed Class Counsel (Selena Matavosian) and Proposed Class Representative (Cruz Perez Jr.) in support thereof; as well as the pleadings and other records on file with the Court in this matter, and such evidence and oral argument as may be presented at the hearing on this motion.

Dated:  November 29, 2023          **LAWYERS** *for* **JUSTICE, PC**

By:  _____

Selena Matavosian
*Attorneys for* Plaintiff

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

## **TABLE OF CONTENTS**

I.     SUMMARY OF MOTION ................................................................... 1

II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND..... 3

III.   SUMMARY OF THE SETTLEMENT TERMS ................................ 5

     A.     The Class for Settlement Purposes ............................................. 5

     B.     Essential Terms of the Settlement ............................................. 6

     C.     Calculation of Individual California Settlement Payments ..... 6

     D.     Calculation of Individual FCRA Settlement Payments ........... 8

     E.     Calculation of Individual PAGA Settlement Payments .......... 8

     F.     Request for Exclusion, Notices of Objection, and
             Compensable Work Weeks Dispute Procedures ...................... 9

     G.     Scope of the Release ................................................................ 10

IV.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL
       OF THE CLASS ACTION SETTLEMENT .................................. 13

V.    THE SETTLEMENT SHOULD BE PRELIMINARILY
       APPROVED .................................................................................... 14

     A.     The Settlement Resulted from Arm's Length Negotiations and
             Extensive Investigation and Discovery ................................... 14

     B.     The Settlement Is Fair, Reasonable, and Adequate ............... 17

     C.     The Settlement Is of Significant Value and Within the Range
             of Approval ............................................................................... 19

           1.     A Class Representative Enhancement Payment is
                 reasonable. ..................................................................... 21

           2.     The allocations for the Class Counsel Award are
                 reasonable. ..................................................................... 23

     D.     The Settlement Has No Obvious Deficiencies ......................... 25

VI.   CERTIFICATION OF THE PROPOSED CLASS IS
       APPROPRIATE UNDER RULE 23 ................................................ 26

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

i

A. Numerosity .......................................................................... 26

B. Commonality ........................................................................ 27

C. Typicality ............................................................................. 28

D. Adequacy of Representation ................................................ 28

    1. *Appointment of Class Representative.* .................... 29

    2. *Appointment of Class Counsel.* ............................... 29

E. Predominance and Superiority ............................................. 30

VII. ADEQUACY OF THE METHOD OF NOTICE .................. 30

VIII. APPOINTMENT OF SIMPLURIS AS THE SETTLEMENT ADMINISTRATOR ...................................................................... 32

IX. DEADLINES FOR NOTICE AND ADMINISTRATION…....……33

X. CONCLUSION ...................................................................... 35

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## <u>TABLE OF AUTHORITIES</u>

**United States Supreme Court Cases8**

*Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980) ................................. 23

*Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011) ................................. 27

*Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) ................................. 32

*Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ................................. 25

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ......................... 32

*Johnson v. California*, 543 U.S. 499, 504–05 (2005)................................. 27

**Treatises**

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997).................... 28, 30

*Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001) ................................. 27, 28

*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) ................................. 22

*Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ................................. 27

*Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014) ................................. 22

*Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)................... 31

*Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013)... 24

*Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014) ................................. 22

*Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008) ... 24

*In re Agent Orange Prod. Liabiltiy Litig.*, 818 F.2d 226, 232 (2d Cir. 1987) ......... 23

*In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992) ................................. 26

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011)..... 23

*In re Hill*, 775 F.2d 1037 (9th Cir. 1985) ................................. 23

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) ............. 22, 28

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013)............. 25

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014) ................................. 22

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009) ................................. 24

iii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002) ........................ 24

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016) ................... 23

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002) ..... 19

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014) ..................................................................................... 19

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ........ 24

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ...................................................................................................... 24

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996) ...................................................................................................... 31

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) ...................................................................................................... 24

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ...................................................................................................... 24

*Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) .................................. 22, 24

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996) .................. 26

*Van Vranken*, 901 F.Supp. at 297 ................................................................ 24

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010).. 24

*Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) ................................................. 17

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) .................... 23, 24, 25

*Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987) ................................... 28

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ............... 23

**Rules**

Federal Rule of Civil Procedure  23(a) ...................................................... 26, 27

Federal Rule of Civil Procedure  23(a)(1) ....................................................... 26

Federal Rule of Civil Procedure  23(a)(4) ....................................................... 28

Federal Rule of Civil Procedure  23(b) ........................................................... 26

Federal Rule of Civil Procedure  23(b)(3) ....................................................... 30

Federal Rule of Civil Procedure  23(c)(2) ....................................................... 32

Federal Rule of Civil Procedure 23(c)(2)(B) ................................................. 31, 32

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Federal Rule of Civil Procedure 23(h) .................................................................. 23

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ..................................................... 28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF MOTION

Plaintiff Cruz Perez Jr. ("Plaintiff" or "Class Representative") respectfully requests that this Court grant preliminary approval of the Joint Stipulation of Settlement and Release of Class Action and PAGA Claims ("Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of all others similarly situated and other aggrieved employees, one the one hand, and Defendant Bodycote Thermal Processing, Inc. ("Defendant"), on the other hand. Subject to Court approval, Plaintiff and Defendant have agreed to settle the action entitled *Cruz Perez Jr. v. Bodycote Thermal Processing, Inc.*, Central District of California Case No. 2:22-cv-00145-RAO (the "Action") for a Gross Settlement Amount of $1,850,000.00[1] on a non-reversionary basis.

The Gross Settlement Amount includes the following: (1) Individual California Settlement Payments to Settlement California Class Members which will be distributed from the Net California Settlement Fund; (2) Individual FCRA Settlement Payments to be distributed equally to FCRA Class Members from the FCRA Settlement Amount of $11,660.00; (3) the PAGA Settlement Amount of $277,500.00 allocated to penalties under the Private Attorneys General Act ("PAGA"), of which seventy-five percent (i.e. $208,125.00) will be distributed to the Labor and Workforce Development Agency ("LWDA") and twenty-five percent (i.e. $69,375.00) will be distributed to PAGA Group Members; (4) Class Representative Enhancement Payment in an amount not to exceed $5,000.00; (5) Class Counsel Award to Class Counsel consisting of attorneys' fees in an amount not to exceed thirty-three percent of the Gross Settlement Amount (i.e., $610,500.00 if the Gross

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Selena Matavosian in Support of Plaintiff's Motion For Preliminary Approval of Class Action Settlement ("Matavosian Decl."). Unless otherwise specified, all capitalized terms are as defined in the Settlement Agreement.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Settlement Amount is $1,850,000.00) and reimbursement of litigation costs and expenses in an amount not to exceed $25,000.00; and (6) Settlement Administrator Costs to the Settlement Administrator in an amount not to exceed $45,000.00. Settlement Agreement, Section I, ¶ 27 & Section III, ¶ 2.a. The period from November 17, 2017 through the earlier of: (a) the date the Court grants preliminary approval of the Settlement, or (b) the date the Qualifying Threshold is met, if applicable, pursuant to the Escalator Clause is the "California Class Period." *Id*., Section I, ¶ 4. The period from November 17, 2019 through August 31, 2020 is the "FCRA Class Period." *Id*., Section I, ¶ 21. The period from April 4, 2020 through the earlier of: (a) the date the Court grants preliminary approval of the Settlement, or (b) the date the Qualifying Threshold is met, if applicable, pursuant to the Escalator Clause is the "PAGA Period." *Id*., Section I, ¶ 36.

Plaintiff also seeks to provisionally certify the following California Class and FCRA Class *for settlement purposes only*, which Defendant does not oppose:

> All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the California Class Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies ("California Class" or "California Class Members"). *Id*., Section I, ¶ 3.

> All individuals in the United States who applied for employment with Defendant and with respect to whom Defendant procured a background check during the FCRA Class Period ("FCRA Class Member"). *Id*., Section I, ¶ 20.

As of May 2023, the California Class was estimated to consist of approximately eight hundred eighty-eight (888) individuals, the FCRA Class was estimated to consist of approximately one hundred six (106) individuals, and the PAGA Group Members were estimated to consist of approximately five hundred forty-two (542) individuals. Matavosian Decl., ¶ 9.

The parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations. The Settlement resulted from a formal mediation conducted by Jeffrey Krivis, Esq., a well-respected

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

mediator who is experienced in wage-and-hour class actions. The Settlement satisfies the criteria for approval and falls within the range of possible approval under federal and California law. Additionally, the proposed Class Notices[2] provide the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it. Accordingly, Plaintiff moves the Court to grant preliminary approval of the Settlement and the allocations for Class Counsel Award, Class Representative Enhancement Payment, and Settlement Administrator Costs; conditionally certify the proposed California Class and FCRA Class for settlement purposes; direct distribution of the Class Notice; and set a Final Approval Hearing.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant is a global provider of commercial thermal processing services. Plaintiff Cruz Perez Jr. was employed by Defendant as an hourly-paid, non-exempt employee from approximately September 2019 to September 2, 2020. Declaration of Cruz Perez Jr. filed concurrently herewith ("Perez Decl.") ¶ 2.

On September 29, 2021, Plaintiff provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendant, of Plaintiff's intent to seek civil penalties for alleged violations of the California Labor Code ("PAGA Notice").

On November 17, 2021, Plaintiff filed the Class Action Complaint for Damages, thereby commencing a putative class action in the Superior Court of California for the County of Los Angeles, Case No. 21STCV42312, against Defendant for violations of the California Labor Code and the California Business and Professions Code ("Class Action").

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[2] The Notices of Proposed Class Action Settlement and Hearing Date for Court Approval (i.e., Class Notice) are attached as "**EXHIBIT 1,**" "**EXHIBIT 2,**" and "**EXHIBIT 3**" to the Proposed Order, filed concurrently herewith.

3

On December 3, 2021, Plaintiff filed a Complaint for Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, et. seq., thereby commencing a representative PAGA action in the Superior Court of California for the County of Los Angeles, Case No. 21NWCV00803 ("PAGA Action").

On January 7, 2022, Defendant removed the Class Action to the United States District Court for the Central District of California ("Court"), Case No. 2:22-cv-00145-RAO.

On February 18, 2022, Plaintiff filed the First Amended Class Action Complaint for Damages ("Operative Complaint") in the Class Action in which it added a representative claim for civil penalties under PAGA.

On February 22, 2022, Plaintiff filed a Request for Dismissal in the PAGA Action, and on February 28, 2022, the Superior Court for the County of Los Angeles dismissed the PAGA Action.

On March 4, 2022, Defendant filed its Answer to Plaintiff's Operative Complaint.

Plaintiff's core allegations are that Defendant violated the California Labor Code and California Business and Professions Code by, *inter alia*, failing to properly pay all wages due (including minimum, regular, overtime, double-time, and reporting time wages), failing to provide compliant meal and rest periods or pay premiums in lieu thereof, failing to timely pay wages upon termination and associated waiting time penalties, failing to timely pay wages during employment, failing to provide accurate, itemized wage statements, failing to keep requisite payroll records, and failing to reimburse necessary business-related expenses. Plaintiff contends that Defendant's conduct constitutes unfair business practices and gives rise to penalties under PAGA. Plaintiff also alleges that Defendant violated the Fair Credit Reporting Act ("FCRA"), section 1681(b). Plaintiff further alleges that Defendant's failure to properly pay all compensation due, arises from, *inter alia*, Defendant's practices and policies which required Class Members to work before clocking in for their

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

shifts and after clocking out of their shifts. As a result, Plaintiff contends that he and the Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiffs or the Class Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that they have complied with federal and California laws in all respects and that Plaintiff's PAGA claim is time-barred.

On May 15, 2023, the parties participated in a private mediation before Jeffrey Krivis, Esq. (the "Mediator"), a well-respected mediator experienced in handling complex wage-and-hour matters. With the aid of the Mediator's evaluations, the parties reached the Settlement to resolve the above-captioned action ("Action"). On July 26, 2023, the parties filed with this Court a Joint Notice of Settlement and Joint Stipulation to Request Revisions of the Court's Scheduling Order (Dkt. 25) in Light of the parties' Settlement. (Dkt. 28-29.)

## III.   SUMMARY OF THE SETTLEMENT TERMS

### A.   The Class for Settlement Purposes

For settlement purposes only, the parties agree to certification of the following classes:

> All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the California Class Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies ("California Class" or "California Class Members"). Settlement Agreement, Section I, ¶ 3.

> All individuals in the United States who applied for employment with Defendant and with respect to whom Defendant procured a background check during the FCRA Class Period ("FCRA Class Members") *Id.*, Section I, ¶ 20.

As discussed in Section VII, *infra*, conditional class certification is appropriate with respect to the Settlement.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**B.    Essential Terms of the Settlement**

Defendant will pay a Gross Settlement Amount of $1,850,000.00 on a non-reversionary basis. Settlement Agreement, Section I, ¶ 27. The Net California Settlement Fund means the amount remaining after deducting the following from the Gross Settlement Amount: (1) the Court-approved Class Counsel Award for which Class Counsel intends to seek up to 33 percent of the Gross Settlement Amount (i.e., up to $610,500.00 if the Gross Settlement Amount is $1,850,000.00) and reimbursement of litigation costs and expenses of up to $25,000.00 to Class Counsel; (2) the Court-approved Class Representative Enhancement Payment for which Class Counsel intends to seek up to $5,000.00 to Plaintiff; (3) $277,500.00 allocated for the resolution of the claim for violation of the Private Attorneys General Act of 2004 ("PAGA Settlement Amount"); (4) Settlement Administrator Costs, which are currently estimated not to exceed $45,000.00; and (5) the FCRA Settlement Amount in the amount of $11,660.00. *Id.*, Section III, ¶¶ 2.a., 6, 7, & 8. In the event the allocations towards each of these categories are awarded in full, the Net California Settlement Fund that will be available to be allocated to California Class Members who do not submit a valid and timely Request for Exclusion from the California Class Settlement ("Settlement California Class Members") is estimated to be at least $875,340.00. *Id.*, Section I, ¶ 31. The entire Net California Settlement Fund will be distributed to Settlement California Class Members based upon their Compensable Work Weeks, the entire FCRA Settlement Amount will be distributed to Settlement FCRA Class Members (defined *infra*) based on an equal *pro rata* portion, and the entire PAGA Settlement Amount will be distributed seventy-five percent (75%) to the State of California and twenty-five percent (25%) to PAGA Group Members based on their Compensable Pay Periods, and no portion of the Gross Settlement Amount shall revert to Defendants. *Id.*, Section III, ¶¶ 3, 4 & 5.

**C.    Calculation of Individual California Settlement Payments**

The Settlement Administrator shall calculate each Settlement California Class

Member's estimated Individual California Settlement Payments[3], as follows:

> After preliminary approval of the Settlement, the Settlement Administrator will divide an estimate of the Net California Settlement Fund using the maximum amounts Plaintiff intends to request for the Class Representative Enhancement Payment and Class Counsel Award (without prejudice to Bodycote's right to object to such amounts per the terms hereof) by the Compensable Work Weeks of all California Class Members to yield the "**Estimated California Compensable Work Week Value**", and multiply each California Class Member's individual Compensable Work Weeks by the Estimated California Compensable Work Week Value to yield the estimated Individual California Settlement Payment that she, he, or they may be eligible to receive under the California Class Settlement.[4] Settlement Agreement, Section III, ¶ 3.a.

> After final approval of the Settlement, the Settlement Administrator will divide the final Net California Settlement Fund by the Compensable Work Weeks of all Settlement California Class Members to yield the "**Final California Compensable Work Week Value**", and multiply each Settlement California Class Member's individual Compensable Work Weeks by the Final California Compensable Work Week Value to yield hers, his, or their Individual California Settlement Payment. Settlement Agreement, Section III, ¶ 3.b.

All Individual California Settlement Payments will be allocated as follows: 33 percent as wages and 67 percent as interest, penalties, and non-wage damages. *Id.*, Section III, ¶ 3.d. The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to penalties, interest, and non-wage damages will be reported on an IRS Form 1099 by the Settlement Administrator. *Ibid.* The

---

[3] Individual California Settlement Payments refers to a Settlement California Class Member's *pro rata* share of the Net California Settlement Fund, which will be calculated based on their number of Compensable Work Weeks during the California Class Period. Settlement Agreement, Section I, ¶ 29.

[4] Compensable Work Weeks refers to the number of weeks in which each California Class Member worked as an hourly-paid or non-exempt employee for Defendant in the State of California during the California Class Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies, less any such weeks that were covered by the class action settlement in the consolidated actions entitled *Espinosa v. Bodycote Thermal Processing, Inc.* and *Perea v. Bodycote Thermal Processing, Inc.*, Los Angeles Superior Court, Related Case No. BC556473. See *id.*, Section I, ¶ 12.

7

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Settlement Administrator will withhold the Employer Taxes and employee's share of taxes and withholdings with respect to the wages portion of the Individual California Settlement Payments, and issue checks to Settlement California Class Members net of these taxes and withholdings. *Ibid*. The Settlement Administrator shall remit and report the applicable portions of the payroll tax payment to the appropriate taxing authorities on a timely basis pursuant to its duties and undertakings. *Ibid*. The Employer Taxes attributed to the Individual Payment Amounts shall be paid from the Gross Settlement Amount. *Ibid*.

### D. Calculation of Individual FCRA Settlement Payments

Individual FCRA Settlement Payments will be issued to Settlement FCRA Class Members on a *per capita* basis of the FCRA Settlement Amount. Settlement Agreement, Section III, ¶ 4. All Individual FCRA Settlement Payments will be allocated as 100 percent non-wages for which an IRS Form 1099 will be issued (if applicable), and the Settlement Administrator will not undertake any tax withholding with respect to the Individual FCRA Settlement Payments. *Ibid*.

### E. Calculation of Individual PAGA Settlement Payments

The Settlement Administrator shall calculate each PAGA Group Member's estimated Individual PAGA Settlement Payment.[5] PAGA Members will be paid on a *pro rata* basis from the PAGA Settlement Amount based on their number of Compensable Pay Periods as follows:

> The Settlement Administrator will divide the PAGA Group Member Amount (i.e., 25% of the PAGA Settlement Amount), by the total number of Compensable Pay Periods worked by all PAGA Group Members to yield the "**PAGA Compensable Pay Period Value**", and multiply each PAGA Group Member's individual Compensable Pay Periods by the PAGA Compensable Pay Period Value to yield hers, his, or their Individual PAGA Settlement Payment. Settlement Agreement, Section III, ¶ 5.b.

---

[5] Individual PAGA Settlement Payments refers to a PAGA Group Member's *pro rata* share of the PAGA Group Member Amount, which will be calculated based upon their number of Compensable Pay Periods worked during the PAGA Period. Settlement Agreement, Section I, ¶ 30.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

All Individual PAGA Settlement Payments will be allocated as 100 percent non-wages for which an IRS Form 1099 will be issued (if applicable), and the Settlement Administrator will not undertake any tax withholding with respect to the Individual PAGA Settlement Payments. Ibid.

**F.** **Request for Exclusion, Notices of Objection, and Compensable Work Weeks Dispute Procedures**

Any Class Member wishing to be excluded from the California Class Settlement and/or FCRA Class Settlement must submit a written letter ("Request for Exclusion") to the Settlement Administrator, by mail, on or before the date that is 45 calendar days after the Settlement Administrator mails the Notice of Class Action Settlement to Class Members ("Response Deadline"). Settlement Agreement, Section I, ¶¶ 44 & 45. A Request for Exclusion must: (a) contain the case name and number of the Action; (b) contain the Class Member's full name, signature, address, telephone number, and last four (4) digits of their Social Security number; (c) contain a simple statement electing to be excluded from the California Class Settlement and/or FCRA Class Settlement; and (d) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline. *Id.*, Section I, ¶ 44.

To object, Settlement California Class Members who wish to object to the California Class Settlement and Settlement FCRA Class Members who wish to object to the FCRA Class Settlement may do so in person at the Final Approval Hearing and/or in writing by submitting a written objection ("Notice of Objection") to the Settlement Administrator, by mail, on or before the Response Deadline. Settlement Agreement, Section I, ¶¶ 33. The Notice of Objection must: (a) contain the case name and number of the Action; (b) contain the Settlement Class Member's full name, signature, address, telephone number, and last four (4) digits of Social Security number; (c) contain a written statement of all grounds for the objection accompanied by any legal support for such objection; (d) contain

copies of any papers, briefs, or other documents upon which the objection is based; and (e) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline. *Ibid.*

The Class Notice will include the procedure by which a California Class Member may dispute the number of Compensable Work Weeks allocated to him or her by submitting a written letter ("Compensable Work Weeks Dispute") to the Settlement Administrator, by mail, on or before the Response Deadline. Settlement Agreement, Section I, ¶ 13. The Compensable Work Weeks Dispute must: (a) contain the case name and number of the Action; (b) contain the California Class Member's full name, signature, address, telephone number, and last four (4) digits of their Social Security number; (c) clearly state that the California Class Member disputes the number of Compensable Work Weeks credited to her, him, or they for the California Class Period and what she, he, or they contend is the correct number to be credited to her, him, or they; (d) attach any documentation that she, he, or they has to support the dispute; and (e) be submitted by mail to the Settlement Administrator at the specified address, postmarked on or before the Response Deadline. Ibid.

### G. <u>Scope of the Release</u>

The Released California Class Claims that are the subject of the Settlement are:

> Any and all causes of action, claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees and costs, experts' fees and costs, damages, and action of every nature and description, whether known or unknown, actual or potential, that were alleged in or reasonably arise out of the same set of operative facts in the initial complaints filed by Plaintiff in the Action, and Plaintiff's Operative Complaint, and that could have been alleged based on the factual allegations contained in such complaint, arising during the California Class Period, including claims for unpaid, miscalculated or untimely payment of wages due (including, without limitation, minimum, regular, overtime, double-time, and reporting time wages), off-the-clock work, rounding, failure to provide legally-compliant meal periods and to properly provide associated premium pay, failure to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

authorize and permit legally-compliant rest periods and associated premium pay, failure to pay all wages timely at the time of termination, failure to pay all wages timely during employment, failure to provide compliant wage statements, failure to keep requisite payroll records, and failure to indemnify/reimburse for necessary business expenses, in violation of California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 and Industrial Welfare Commission Wage Orders Nos. 1-2001, 4-2001, and 7-2001, unfair business practices in violation of California Business & Professions Code § 17200 *et seq*. based on the aforementioned, and all pre- and post-judgment interest, compensatory and statutory compensation, general damages, disgorgement, declaratory relief, statutory damages, accounting of all minimum wages and sums allegedly unlawfully withheld as a result thereof, injunctive relief, restitution, statutory or civil penalties, interest and/or attorneys' fees as a result thereof, and other amounts recoverable under the aforementioned claims, causes of action, or legal theories of relief. Settlement Agreement, Section I, ¶ 41.a.

The Released FCRA Class Claims that are the subject of the Settlement are:

Any and all causes of action, claims, rights, demands, debts, obligations, guarantees, liabilities, costs, expenses, attorneys' fees and costs, experts' fees and costs, damages, and action of every nature and description, whether known or unknown, actual or potential, that were alleged in or reasonably arising out of the same set of operative facts in the initial complaints filed by Plaintiff in the Action, Plaintiff's Operative Complaint and Plaintiff's PAGA Notice, and that could have been alleged based on the factual allegations contained in such complaint and/or PAGA Notice, arising during the FCRA Class Period, relating to background checks procured by Defendant with respect to individuals who applied for employment with Defendant, including, but not limited to, claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*., and similar state laws, including the Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq*., the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq*., California Business & Professions Code § 17200 *et seq*., and similar claims under other state laws, including all damages, punitive damages, declaratory relief, penalties, interest, and other amounts recoverable under said claims, causes of action, or legal theories of relief. Settlement Agreement, Section I, ¶ 41.b.

The Released PAGA Claims that are the subject of the Settlement are:

Any and all causes of action claims, rights, demands, debts, obligations,

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

guarantees, liabilities, costs, expenses, attorneys' fees and costs, experts' fees and costs, damages, and action of every nature and description, whether known or unknown, actual or potential, that were alleged in or reasonably arising out of the same set of operative facts in the initial complaints filed by Plaintiff in the Action, Plaintiff's Operative Complaint and Plaintiff's PAGA Notice, and all claims that could have been alleged based on the factual allegations contained in such complaints and/or in the PAGA Notice, arising during the PAGA Period, for civil penalties pursuant to the Private Attorneys General Act, California Labor Code § 2698, *et seq.*, for claims for unpaid, miscalculated or untimely payment of wages due (including, without limitation, minimum, regular, overtime, double-time, and reporting time wages), off-the-clock work, rounding, failure to provide legally-compliant meal periods and to properly provide associated premium pay, failure to authorize and permit legally-compliant rest periods and associated premium pay, failure to pay all wages timely at the time of termination, failure to pay all wages timely during employment, failure to provide compliant wage statements, failure to keep requisite payroll records, failure to provide requisite written notice of material terms of employment (including regarding rate of pay, allowances, payday, name of employer, employer's physical address, employer's telephone number, employer's workers' compensation insurance carrier, and accrual and use of sick leave) at the time of hire and during employment, and failure to indemnify/reimburse for necessary business expenses, in violation of California Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 551, 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800, 2802, 2810.5 and Industrial Welfare Commission Wage Orders Nos. 1-2001, 4-2001, and 7-2001. Settlement Agreement, Section I, ¶ 41.c.

The "California Class Released Parties" means Defendant, the Temporary Staffing Agencies, and their past, present and future parent companies, subsidiaries, predecessors, successors, affiliates, divisions, joint employers, co-employers and related companies and joint venturers, and all of their respective present or former officers, directors, executive-level employees, agents, registered representatives, attorneys, insurers, successors, assigns. Settlement Agreement, Section I, ¶ 42.a. The "FCRA Released Parties" means Defendant, and its past, present and future parent companies, subsidiaries, predecessors, successors, affiliates, divisions, joint employers, co-employers and related companies and joint venturers, and all of their respective present or former officers, directors,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

executive-level employees, agents, registered representatives, attorneys, insurers, successors, and assigns. *Id.*, Section I, ¶ 42.b. The "PAGA Released Parties" means Defendant, the Temporary Staffing Agencies, and their past, present and future parent companies, subsidiaries, predecessors, successors, affiliates, divisions, joint employers, co-employers and related companies and joint venturers, and all of their respective present or former officers, directors, executive-level employees, agents, registered representatives, attorneys, insurers, successors and assigns. *Id.*, Section I, ¶ 42.c. The California Class Released Parties, the FCRA Released Parties and the PAGA Released Parties are collectively referred to as the "Released Parties." *Id.*, Section I, ¶ 42.

As of the Effective Date[6] and full funding of the Gross Settlement Amount, all Settlement California Class Members release the California Class Released Parties from the Released California Class Claims. *Id.*, Section IV, ¶ 1.

As of the Effective Date and full funding of the Gross Settlement Amount, all Settlement FCRA Class Members release the FCRA Released Parties from the Released FCRA Class Claims. *Id.*, Section IV, ¶ 2.

As of the Effective State and full funding of the Gross Settlement Amount, all PAGA Group Members release the PAGA Released Parties from the Released PAGA Claims, whether known or unknown. *Id.*, Section IV, ¶ 3.

## IV.   <u>THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF THE CLASS ACTION SETTLEMENT</u>

Class action settlements require court approval. Fed. R. Civ. Proc. 23(e). Although judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse of discretion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*, 955 F.2d at 1276.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[6] See Settlement Agreement, Section I, ¶ 16 for the definition of the "Effective Date."

A settlement should be approved if it is "fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e). In approving a class action settlement, Courts engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed review after notice is given to class members, to determine whether final approval is appropriate. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). At the preliminary approval stage, courts must approve a class action settlement "if it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

In evaluating the fairness of the class action settlement, courts should give "proper deference to the private consensual decision of the parties." *Hanlon*, 150 F.3d at 1027. Courts need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Id*.

## V.    THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010). As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable. Therefore, the Settlement should be preliminarily approved.

### A.    The Settlement Resulted from Arm's Length Negotiations and Extensive Investigation and Discovery

An initial presumption of fairness exists "if the settlement is recommended by class counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08-

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted). Courts give great weight to such recommendation as class counsel is most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the parties actively litigated this case since it was commenced on November 17, 2021. Class Counsel conducted a thorough investigation into the facts and circumstances of the case and diligently investigated the allegations in this lawsuit. Matavosian Decl., ¶¶ 11-13. Class Counsel reviewed a volume of documents and data obtained from Defendant, Plaintiff, and other sources, including and not limited to: employment records of Plaintiff, a detailed sampling of Class Members' time and pay data, job description, earning statements, Defendant's Employee Handbook, company policy acknowledgments and forms (including, but not limited to, Defendant's Employee Handbook Receipt Verification, California Meal Period Policy acknowledgement, California Rest Break Policy acknowledgment, California Meal Period Waiver Form, Uniforms, Safety Glasses, Safety Shoes, Hard Hats, Hearing Protection acknowledgment form, Expense Reimbursement Policy acknowledgment, and Code of Business Ethics acknowledgment form), employment policies, practices, and procedures (including, but not limited to, Expense Reimbursement Policy), among other information and documents. *Id.*, ¶ 12. Class Counsel propounded multiple sets of discovery requests onto Defendant, and noticed the deposition of Defendant's person most knowledgeable designees. *Ibid.* The parties exchange information and documents informally and formally. *Id.*, ¶ 11-12. The parties also met and conferred on numerous occasions over issues relating to the pleadings, motion practice, and the production of documents and data prior to mediation. *Id.*, ¶ 12.

The parties reached the Settlement after reviewing all available evidence, arm's-length bargaining, and participating in mediation conducted by Jeffrey Krivis, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. *Id.*, ¶ 11. During the mediation, the parties exchanged information and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  discussed various aspects of the case, including and not limited to, Plaintiff's claims,
2  the risks and delays of further litigation and of proceeding with certification and/or
3  representative adjudication, the law relating to Plaintiff's off-the-clock theory, meal
4  and rest period claims, expense reimbursement claims and PAGA representative
5  claims (including Defendant's assertion that Plaintiff's PAGA claim is time-barred),
6  the FCRA claims, the evidence produced and analyzed, and the possibility of appeals,
7  among other things. *Ibid.*

8      During all settlement discussions, the parties conducted their negotiations at
9  arm's length from an adversarial position. *Ibid.* Arriving at a settlement that was
10  acceptable to both parties was not easy. With the aid of the Mediator's evaluations,
11  the parties agreed that this case was well-suited for settlement given the legal issues
12  relating to the claims, as well as the costs and risks to both sides that would attend
13  further litigation. *Id.*, ¶¶ 11 & 18. The Settlement takes into account the strengths and
14  weaknesses of each side's position and the uncertainty of how the case might have
15  concluded at certification, trial, and/or appeals. *Id.,* ¶¶ 10, 12, 18, & 22.

16      This "order and process" supports finding "that the class representatives and
17  class counsel have adequately represented the class and that the proposal was
18  negotiated at arm's length[.]" *Sherman v. CLP Resources, Inc.*, 2020 WL 2790098,
19  at *9 (C.D. Cal. Jan. 30, 2020); *See also in re Zynga Inc. Secs. Litig.*, 2015 WL
20  6471171, at *9 (N.D. Cal. Oct. 27, 2015) (holding that the parties' use of a mediator
21  and the fact that significant discovery had been conducted "support the conclusion
22  that the Plaintiff was appropriately informed in negotiating a settlement."); *Harris*,
23  2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (noting that the parties' use of a
24  mediator "suggests that the parties reach the settlement in a procedurally sound
25  manner and that it was not the result of collusion or bad faith by the parties or
26  counsel").

27  ///

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

The Settlement is based on this large volume of facts, evidence, and investigation, and the parties' negotiations during the mediation.[7] While the parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, State of California, and PAGA Group Members, in light of all known facts and circumstances. *Id.*, ¶¶ 11, 13, & 22.

**B.    The Settlement Is Fair, Reasonable, and Adequate**

The Gross Settlement Amount of $1,850,000.00 represents a fair, reasonable, and adequate resolution of this lawsuit. Under the Settlement, the entire Net California Settlement Fund will be distributed to Settlement California Class Members and is currently estimated to be at least $875,340.00. Also, under the Settlement, the amount of $277,500.00 is allocated to resolution of the Released PAGA Claims, of which $208,125.00 will be distributed to the LWDA (i.e., the LWDA Payment) and $69,375.00 will be distributed to PAGA Group Members (i.e., the PAGA Group Member Amount). Additionally, the amount of $11,660.00 is allocated to the resolution of the Released FCRA Class Claims, and will be distributed to Settlement FCRA Class Members. The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis. Matavosian Decl., ¶¶ 11, 13, 18, & 22. Additionally, the Settlement guarantees a certain monetary recovery to Settlement California Class Members, Settlement FCRA Class Members, PAGA Group Members, and the State of California in a reasonably short period of time, as opposed to waiting additional years for the same, or possibly, no recovery.

///

---

[7] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The Settlement was calculated using data and information obtained through case investigation, Defendant's removal papers, and informal exchange of information in advance of and/or in the context of mediation and settlement negotiations. *Id.*, ¶¶ 11 & 12. Prior to the mediation, Class Counsel conducted extensive investigation into the claims. *Id.*, ¶¶ 11, 12, 13, 16, & 18. The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be obtained, and permitted a complete understanding of Defendant's employment policies, practices, and procedures. *Id.*, ¶¶ 12, 16, & 18. This information proved invaluable in negotiating a settlement amount that provides fair, adequate, and reasonable payment for the resolution of the class, FCRA and PAGA claims. *Id.,* ¶ 22.

The parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case. *Id.*, ¶¶ 11, 17, 18, 19, & 22. Prior to the mediation, Class Counsel performed extensive damages and valuation analysis based on class data and a sampling of data provided by Defendant. *Id.*, ¶¶ 12 & 18. During the mediation, Defendant contended, among other things, that their policies and practices fully complied with California law and that Plaintiff's PAGA claim is time-barred. *Id.*, ¶¶ 11 & 18.

Plaintiff faces numerous risks in continued litigation, including, but not limited to, the risk of receiving no recovery if a class is not certified and/or no liability is found and the Court determining that adjudication on a representative or class basis is unmanageable and not appropriate. *Id.*, ¶¶ 13, 17, 18, & 22. Plaintiff also faces the real possibility that the amount recovered against Defendant after years of litigation and a lengthy and costly trial is less than the amount negotiated in this Settlement. Ibid.

Additionally, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual California Settlement Payments will be calculated based upon the California Class Member's Compensable Workweeks

18

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

during the California Class Period. Settlement Agreement, Section III, ¶ 3. The Individual FCRA Settlement Payments will be issued to Settlement FCRA Class Members on an equal *pro rata* basis of the FCRA Settlement Amount. *Id.,* ¶ 4. Individual PAGA Settlement Payments will be calculated based upon each PAGA Group Member's Compensable Pay Periods during the PAGA Period. *Id.,* ¶ 5.

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the final approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002). Considering the facts in this case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class, State of California, and PAGA Group Members. Matavosian Decl., ¶¶ 11, 13, 18 & 22.

### C.    The Settlement Is of Significant Value and Within the Range of Approval

The Gross Settlement Amount of $1,850,000.00 provides substantial monetary recovery to the Class Members, State of California, and PAGA Group Members, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Based on the maximum Net California Settlement Fund, the average Individual California Settlement Payment to the California Class is projected to be approximately $985.74, less applicable withholdings. Similarly, all of the other Settlement terms for which Plaintiff requests approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

There are substantial risks to each claim that justify compromise. *First,* with respect to the off-the-clock claim, Defendant argues that Defendant has a facially valid timekeeping policy and that employees in practice are not required to and do

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

not in fact don or doff any Personal Protective Equipment ("PPE") prior to clocking-in and after clocking out.

*Second,* with respect to the rest period claim, Defendant argues that its written policy during part of the class period requiring employees to remain onsite during rest period is not "facially illegal" because courts have repeatedly rejected the argument that such a requirement – without more – establishes employer control and therefore constitutes a violation of California law. *See, e.g. Ritenour v. Carrington Mortg. Servs., LLC* 2018 WL 5858658, at *7 (C.D. Cal. Sept. 12, 2018); *Miles v. Kirkland's Stores, Inc.*, 592 F. Supp. 3d 955, 969 (C.D. Cal. 2022).

*Third,* with respect to the meal period claims, Defendant argues that it did, in fact, authorize and permit employees to take all legally required meal breaks – as set forth in its written policies. Defendant further argues that, to the extent any individual employees missed a meal or rest break, they voluntarily chose to waive taking the break.

*Fourth*, with respect to the expense reimbursement claim, Defendant argues that it reimburses employees for all required PPE, including work boots and safety glasses, and that in any event such claim is preempted by the relevant Occupational Safety and Health Act (OSHA) regulations (*Lemus v. Denny's Inc.*, 2013 WL 10730259, at *4 (S.D. Cal. Mar. 31, 2013)) and/or work boots are not reimbursable under section 2802 (*Townley v. BJ's Rests., Inc.*, 37 Cal. App. 5th 179, 185 (2019).

*Fifth*, with respect to the FCRA claim, Defendant asserts that Plaintiff's FCRA claim is barred by the statute of limitations because Plaintiff was on notice of any defects in the disclosures when he received them on September 5, 2019 – which occurred more than two years prior to the filing of this Action. 15 U.S.C. 1681p; *see Berrellez v. Pontoon Sols., Inc.*, 2016 WL 5947221, at *7 (C.D. Cal. Oct. 13, 2016). Defendant contends that this same argument will apply to the remaining class members, especially because it had revised its background check disclosure and acknowledgment forms in August 2020, such that any defect Plaintiff believed

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

applied to his forms would no longer be relevant.

*Seventh*, with respect to the PAGA claim, Defendant asserts that such claim is time-barred because Plaintiff did not exhaust administrative remedies within one year of his last date of employment (*Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824, 839 (2018)), and that the California Judicial Council's Emergency Rule 9(a) did not toll the period applicable to exhausting administrative remedies (*People v. Phila. Reinsurance Corp.*, 70 Cal. App. 5th Supp. 10, 20 (App. Dep't, San Diego, Super. Ct. 2021)). In addition, Labor Code section 2699(e)(2) grants courts broad discretion to "award a lesser amount than the  maximum civil penalty amount specified[.]" Courts routinely exercise this discretion to reduce the amount of PAGA penalties ultimately awarded. *See, e.g., Aguirre v. Genesis Logistics,* 2013 WL 10936035, at *3 (C.D. Cal. Dec. 30, 2013) (reducing PAGA penalties to 28% of maximum amount); *Fleming v. Covidien Inc.*, 2011 WL 7563047, at *4 (C.D. Cal. Aug. 12, 2011) (reducing "$2.8 million penalty" under PAGA to just "$500,000" – an 82% reduction).   Moreover, where a settlement provides class members with a meaningful recovery, courts will approve the settlement even if it allocates little or no value to PAGA because "the settlement agreement serves the purpose of PAGA: private enforcement of the Labor Code."   *Miguel-Sanchez v. Mesa Packing, LLC*, 2021 WL 1736807, at *10 (N.D. Cal. May 3, 2021) (approving settlement that allocated $0 to PAGA).   Here, the Settlement provides class members with a meaningful recovery.

For these reasons, the "proposed Settlement is sufficiently fair, adequate, and reasonable to merit preliminary approval." *Sherman*, 2020 WL 2790098, at *11.

### 1. *A Class Representative Enhancement Payment is reasonable.*

Plaintiff intends to seek a Class Representative Enhancement Payment of $5,000.00. Settlement Agreement, Section III ¶ 6. Defendant has agreed not to object to a Class Representative Enhancement Payment of $3,500.00 but reserves the right

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

to oppose any request for a Class Representative Enhancement Payment that exceeds $3,500. *Ibid.* The Class Representative Enhancement Payment will be paid in addition to Plaintiff's Individual California Settlement Payment, Individual FCRA Settlement Payment, and/or Individual PAGA Settlement Payment. *Ibid.*

The trial court has discretion to award incentives to the class representatives.[8] Courts routinely approve incentive awards to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving incentive awards in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted). Indeed, the fact that the Settlement permits Plaintiff to request an enhancement payment does not constitute improper preferential treatment. "Under Ninth Circuit precedent, service awards to named plaintiffs in a class action are permissible and do not necessarily render a settlement unfair or unreasonable." *Sherman*, 2020 WL 2790098, at *10.

Plaintiff and Class Counsel assert the contemplated Class Representative Enhancement Payment is fair and appropriate and is well within the range of incentive payments awarded by district courts. *See id.*; *Angell v. City of Oakland*, 13 cv-00190 NC, 2015 WL 65501, at *8 (N.D. Cal. Jan. 5, 2015) (approving $9,000 incentive

---

[8] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g.*, *In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

awards); *Covillo*, 2014 WL 954516, at *8 (approving an $8,000 incentive award).

Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Matavosian Decl., ¶ 20; Perez Decl., ¶¶ 3-5. Plaintiff was available whenever his counsel needed him and tried to obtain and provide documents and information that would facilitate the pursuit of the class and PAGA claims. Perez Decl., ¶¶ 3-5. Accordingly, it is appropriate and just for Plaintiff to receive a reasonable class representative Enhancement Payment for his services on behalf of the Class, State of California, and PAGA Group Members.

2.    *The allocations for the Class Counsel Award are reasonable.*

The Settlement establishes a Gross Settlement Amount of $1,850,000.00 and provides that Class Counsel intends to apply for attorneys' fees in an amount of up to 33 percent of the Gross Settlement Amount. Settlement Agreement, Section III ¶ 6. Under the Settlement Agreement Bodycote agreed not to object to an attorneys' fees award of 25 percent (i.e., $462,500.00), but reserved the right to oppose any request for attorneys' fees that exceeds 25 percent of the Gross Settlement Amount. *Ibid.* Class Counsel will bring an appropriate motion in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

Under California and Ninth Circuit precedent, a court has discretion to determine attorneys' fees using either the lodestar method or the percentage-of-the-fund method.[9] District courts may adjust the twenty-five percent (25%) benchmark

---

[9] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(observed by the Ninth Circuit) upward or downward if "the percentage recovery would be either too small or large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048. If a proposed class action settlement includes an award of attorneys' fees, courts must evaluate that fee award on a case-by-case basis in the overall context of the settlement, and an award above the twenty-five percent (25%) benchmark may be warranted.[10] In California, attorneys' fees tend to be awarded above the twenty-five percent (25%) federal benchmark. *See Van Vranken*, 901 F.Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than $10 million); *Craft v. City of San Bernardino*, 624 F.Supp.2d 1123, 1127 (C.D. Cal. 2008) (holding that attorneys' fees in cases where the fund is below $10 million are often more than 25%). Moreover, "awards in the Central District are in the 20% to 50% range." *Clayton v. Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[11]

The goal is to award "reasonable compensation for creating a common fund." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). In reviewing a fee award request, courts consider the following factors: (1) the results achieved; (2) whether there are benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation; (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of the fee and the foregoing by

---

[10] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048; *Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).

[11] Other districts usually award attorneys' fees in the 30-40% range in wage-and-hour class actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour class actions where district courts approved attorneys' fee awards ranging from 30-33%); *Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010) (approving attorneys' fees of one-third of the common fund and holding that the award was similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%); *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) (recognizing that "fee awards in class actions average around one-third" of the settlement).

24

counsel of other work; and (6) the reactions of the class. *Vizcaino*, 290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013). Of these factors, the most significant factor is the "degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Plaintiff and Class Counsel assert that the attorneys' fee award they intend to request is reasonable, particularly in light of the time and effort expended by Class Counsel. Class Counsel litigated this case for over two (2) years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. Matavosian Decl., ¶ 11. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel has achieved an excellent result in this lawsuit. Considering the amount of the fees to be requested, the work performed, and the risks incurred, Class Counsel contend that the requested Class Counsel Award is reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

### D.    The Settlement Has No Obvious Deficiencies

"In application, 'obvious deficiencies' has become a useful catch-all for problems other than preferential treatment or inadequate consideration." *Philliben v. Uber Techs., Inc.*, 2016 WL 4537912, at *4 (N.D. Cal. Aug. 30, 2016).  Here, there are no obvious deficiencies in the Settlement.

The release of class claims is properly limited to claims "alleged in or reasonably aris[ing] out of the same set of operative facts" that Plaintiffs allege here.  Settlement Agreement, ¶ 41(a).  The Ninth Circuit has "held that federal district courts properly released claims not alleged in the underlying complaint where those claims depended on the same set of facts as the claims that give rise to the settlement."  *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

Class members have 45 days to opt out of, or object to, the Settlement and 180 days to cash their checks.  *Ibid.* Section 1, ¶ 45, Section VI, ¶ 1.  Uncashed checks will be deposited with the State of California Controller's Office of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Unclaimed Funds in the class member's name. *Ibid*. Section VI, ¶ 3.

2    Finally, the parties have complied with all notice requirements. With

3    respect to the settlement of the PAGA claim, Plaintiff has simultaneously provided

4    notice of the Settlement to the LWDA as required by Labor Code section

5    2699(l)(2). *See* Matavosian Decl., ¶ 21. And, pursuant to the Class Action Fairness

6    Act, Defendant will provide notice of the Settlement to the appropriate federal and

7    state officials within 10 days as required by 28 U.S.C. § 1715. Settlement

8    Agreement, Section V, ¶ 3.

9    **VI.  CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE**

10    **UNDER RULE 23**

11    Class certification under Rule 23(a) is appropriate where the plaintiff

12    demonstrates the four requirements of Rule 23(a) (numerosity, commonality,

13    typicality, and adequacy of representation), and one of the three requirements of Rule

14    23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The

15    proposed Class meets all of these requirements.

16    **A.  Numerosity**

17    A class is sufficiently numerous if it is "so large that joinder of all members is

18    impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of

19    purported class members is sufficient to meet the numerosity requirement." *In re*

20    *Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992). "In

21    general, courts find the numerosity requirement satisfied when a class includes at least

22    40 members." *Rannis v. Recchia*, 380 F. App'x 646, 651 (9th Cir. 2010).

23    As of May 2023, the proposed Class consists of approximately 888 California

24    Class Members, 106 FCRA Class Members, and 542 PAGA Group Members.

25    Matavosian Decl., ¶ 9. Accordingly, the proposed Class is sufficiently numerous, and

26    joinder of all Class Members would be impractical.

27    ///

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**B.** <u>**Commonality**</u>

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2). An affirmative showing of at least one common question of law or fact satisfies this requirement.[12] Commonality has been found to exist when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies. *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[13] Here, the Class Members seek remedies under California's wage-and-hour laws for violations arising from practices that Plaintiff alleges are common, uniform, and systematic – and which were applied to all Class Members during the Settlement Class Period. *See* e.g., Matavosian Decl., ¶¶ 16 & 18. These common questions—capable of class wide resolution—include whether class members are required to don and doff PPE off-the-clock; whether Defendant provided class members a 30-minute uninterrupted meal break within the first five hours of work and a second 30-minute uninterrupted meal break before the start of the tenth hour of work; whether Defendant's rest period policy was facially illegal because it required employees to remain onsite; whether Defendant authorized and permitted class members to take 10-minute uninterrupted rest periods for every major fraction of four hours worked; whether Defendant paid class members one additional hour of pay for each workday that a legally-compliant meal or rest period was not provided; whether Defendant failed to reimburse employees for work boots and/or safety glasses and, if not, whether

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

---

[12] *Dukes v. Wal–Mart, Inc*., 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").
[13] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

27

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Plaintiff's expense reimbursement claim is preempted; whether in light of the above-referenced allegations, Defendant failed to furnish class members with complete and accurate itemized wage statements; and whether in light of the above-referenced allegations, Defendants failed to timely pay employees all wages owed during employment and upon termination of their employment.   For example, Plaintiff alleges that, as a matter of policy, Defendant failed to provide employees with legally compliant rest periods because they were not permitted to leave Bodycote's premises.  Accordingly, the commonality requirement is satisfied for settlement purposes.

### C.    <u>Typicality</u>

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members. *Armstrong*, 275 F.3d at 868-69. They need not be "identical." *Id.* at 869. Here, Plaintiff's claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories. Given the structure of the Settlement, the proposed Class satisfies the typicality requirement for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

### D.    <u>Adequacy of Representation</u>

Rule 23(a)(4) requires that: (1) Class Representatives fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)." [14] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named

---

[14] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth Ed.* § 21.132 ("a settlement class must be cohesive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

1  plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the
2  class." *Hanlon*, 150 F.3d at 1020.

### 1.  *Appointment of Class Representative.*

4  Plaintiff meets the requirements under Federal Rule of Civil Procedure
5  23(a)(4), for appointment to represent the Class. Plaintiff's claims are typical of and
6  align with those of Class Members, which are confined to a limited group of
7  similarly-situated employees who worked for Defendant within the State of
8  California during the California Class Period. Also, Plaintiff spent considerable time
9  and effort to produce relevant documents and past employment records and provide
10 the facts and evidence necessary to support the allegations. Matavosian Decl., ¶ 20;
11 Perez Decl., ¶¶ 3-5. Plaintiff was available whenever his counsel needed him and
12 tried to obtain and provide documents and information that would facilitate the
13 pursuit of the class and PAGA claims. Perez Decl., ¶¶ 3-5. As such, Plaintiff has
14 demonstrated that he has and will continue to fairly and adequately represent the
15 Class, and appointment of Plaintiff as Class Representative is appropriate.

### 2.  *Appointment of Class Counsel.*

17 Class Counsel meet the requirements under Federal Rule of Civil Procedure
18 23(g), for appointment to represent the Class. Class Counsel are highly experienced
19 in employment class action and complex wage-and-hour litigation, having handled
20 many cases before and having been appointed class counsel in many other cases.
21 Matavosian Decl., ¶¶ 2-7. Class Counsel's experience in litigating similar matters was
22 integral to obtaining the Settlement. Class Counsel conducted extensive research,
23 investigation, and analysis of the potential value of the claims. Matavosian Decl., ¶¶
24 11 & 18. Class Counsel have committed and continue to commit significant financial
25 and staffing resources to the pursuit of the Action. As such, appointment of Arby
26 Aiwazian, Joanna Ghosh, Vartan Madoyan, and Selena Matavosian of Lawyers *for*
27 Justice, PC as Class Counsel is appropriate.
28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## E.    Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because: (1) common questions predominate over questions that affect individual members and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.,* 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id.* at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

Here, the proposed Class is sufficiently cohesive to warrant certification. For settlement purposes, common questions of fact and law affecting Class Members predominate over any questions that may affect only individual members. For example, Defendant's alleged failure to properly pay their employees for all hours worked and provide compliant meal and rest periods are alleged to arise from Defendant's uniform policies, practices, and procedures. As such, the questions of fact and law relating to these issues predominate.

Moreover, a class resolution is superior to other available means for the fair and efficient adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement involves a "comparative evaluation of alternative mechanism of dispute resolution." *Id.* Here, the alternative method of resolution is individual claims, subject to proof, for relatively small amounts of damages, which would be uneconomical for potential plaintiffs. Therefore, a class resolution is superior to any other available methods.

## VII.    ADEQUACY OF THE METHOD OF NOTICE

"Adequate notice is critical to court approval of a class settlement under Rule 23(e)." *Hanlon,* 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone and should neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

Here, the proposed Class Notice provides the best notice practicable and is adequate. It provides information on, *inter alia*, the nature of the Action, the definition of the Class, the terms of the Settlement, the scope of the Released California Class Claims, Released FCRA Class Claims, and Released PAGA Claims, the binding effect of the Settlement, and the allocations for the Class Counsel Award, Class Representative Enhancement Payment, PAGA Settlement Amount, FCRA Settlement Amount, and Settlement Administrator Costs. Each notice shall include, among other things: (a) for California Class Members, an estimated Individual California Settlement Payment and number of Compensable Work Weeks worked during the California Class Period, (b) for FCRA Class Members, estimated Individual FCRA Settlement Amount, (c) for PAGA Group Members, estimated Individual PAGA Settlement Amount and number of Compensable Pay Periods worked during the PAGA Period, (d) how to opt-out of the California Class Settlement and/or FCRA Class Settlement, (e) how to object to the California Class Settlement and/or FCRA Class Settlement, and (f) how to dispute the number of estimated Compensable Work Weeks (for California Class Members). The Class Notice summarizes the proceedings and provides the date, time, and place of the Final Approval Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

All Class Members can and will be identified by Defendant through a review of their records. Upon receipt of the California Class Information and FCRA Class Information, the Settlement Administrator will perform a search based on the United States Postal Service's National Change of Address Database to update and correct any known or identifiable address changes. Settlement Agreement, Section V, ¶ 7.a.[15] Accordingly, the proposed Class Notice is adequate and is the best notice practicable under Rule 23(c)(2)(B).

The Class Notice also fulfills the requirement of neutrality in class notices. The Class Notice provides a brief, neutral explanation of the case from the perspective of both parties and recognizes that the Court has not yet granted final approval of the Settlement.[16] The Class Notice sets forth in an accurate and informative manner the procedures and deadlines governing the submission of Requests for Exclusion, Notice of Objections, and Compensable Work Weeks Disputes. The proposed Class Notice satisfies all due process requirements and complies with the standards of fairness, completeness, and neutrality. Accordingly, the Court should approve the proposed Class Notice.

## VIII. APPOINTMENT OF SIMPLURIS AS THE SETTLEMENT ADMINISTRATOR

The parties have selected Simpluris Inc., ("Simpluris") as the Settlement Administrator to handle the notice and administration of the Settlement. Simpluris shall be responsible for the following: processing and mailing payments to Plaintiff, Class Counsel, Settlement Class Members, Settlement FCRA Class Members, and PAGA Group Members; printing, translating, and mailing Class Notices and tax forms to the Class Members and PAGA Group Members as directed by the Court;

_____

[15] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class members [] can be identified with reasonable effort").

[16] *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989) ("[C]ourts must be scrupulous to respect judicial neutrality" in overseeing the class action notice process and "avoid even the appearance of judicial endorsement of the merits of the action[.]").

32

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

receiving and reporting the Request for Exclusion, Notices of Objection, and Compensable Work Weeks Disputes; providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and other tasks as the parties mutually agree or the Court orders the Settlement Administrator to perform. Settlement Agreement, Section III ¶ 8. Simpluris will also handle inquiries from Class Members regarding the Settlement and perform any other usual and customary duties for administering a class action settlement.

Settlement Administrator Costs are currently estimated not to exceed Forty-Five Thousand Dollars and Zero Cents ($45,000.00) and will be paid out of the Gross Settlement Amount subject to approval by the Court. Plaintiff respectfully requests that the Court appoint Simpluris as the Settlement Administrator and direct distribution of the Class Notice in the manner and in accordance with the proposed schedule, set forth in the Settlement Agreement and discussed in Section VII, *infra*.

## IX.  DEADLINES FOR NOTICE AND ADMINISTRATION

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process. Upon the Court granting preliminary approval of this Agreement, Defendant shall provide the Settlement Administrator (a) information regarding California Class Members that Defendant will in good faith compile from Defendant's internal and currently available electronic timekeeping, payroll, and/or HRIS records ("Defendant's California Class Information"), and (b) information regarding California Class Members employed by Temporary Staffing Agencies that Defendant will in good faith seek to obtain from Temporary Staffing Agencies for each individual that the Temporary Staffing Agencies placed at Defendant's business during the Class Period ("TSA California Class Information") (collectively, "California Class Information"), which shall include the following information for each California Class Member: last known first and last name; last known mailing address; last known telephone number; Social Security number; start and end dates of employment as an hourly-paid or non-exempt employee who worked

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   for Defendant within the State of California at any time, the total number of

2   workweeks California Class Members worked during the California Class Period and

3   total number of pay periods worked by PAGA Group Members during the PAGA

4   Period, as applicable. Settlement Agreement, Section I, ¶ 2. Defendant shall also

5   provide the Settlement Administrator with information regarding FCRA Class

6   Members that Defendant will in good faith compile from Defendant's internal

7   resources as well as third-party vendors Defendant contracted with to perform

8   background checks on applicants for employment ("FCRA Class Information"),

9   which shall include each FCRA Class Member's last known full name; last known

10  address; last known telephone number; and Social Security number. *Id.*, ¶ 19.

11  Defendant shall provide the California Class Information and FCRA Class

12  Information within fifteen (15) business days of entry of a Preliminary Approval

13  Order by the Court for purposes of mailing the Notice of Class Action Settlement to

14  the Class Members. *Id.*, Section V, ¶ 5. Upon receipt of the California Class

15  Information and FCRA Class Information, the Settlement Administrator will

16  perform a search based on the United States Postal Service's National Change of

17  Address Database to update and correct any known or identifiable address

18  changes. *Id.*, Section V, ¶ 7.a. Within fourteen (14) calendar days of receipt of the

19  California Class Information and FCRA Class Information, the Settlement

20  Administrator shall mail copies of the Notice of Class Action Settlement to all

21  Class Members via regular First-Class U.S. Mail. *Id.*, ¶ 7.B. Any Notice of Class

22  Action Settlement returned to the Settlement Administrator as undeliverable on or

23  before the Response Deadline shall be re-mailed once to the forwarding address

24  affixed thereto. *Id.*, ¶ 7.c. If no forwarding address is provided, the Settlement

25  Administrator shall promptly attempt to determine a correct address by use of skip-

26  tracing, or other search using the name, address and/or Social Security number of

27  the Class Member whose notice was undeliverable, and shall then re-mail all

28  returned, undelivered Class Notices within five (5) calendar days of receiving

notice that a Class Notice was undeliverable. *Ibid.* Class Members who receive a re-mailed Notice of Class Action Settlement shall have their Response Deadline extended by the longer of fourteen (14) calendar days from the date of re-mailing or the remaining original Response Deadline period. *Ibid.* Requests for Exclusion, Notice of Objections, and Compensable Work Weeks Disputes must be mailed to the Settlement Administrator, postmarked on or before the Response Deadline. *Id.*, Section I, ¶¶ 13, 33 & 44.

Each Individual Class Settlement Payment, Individual FCRA Settlement Payment, and Individual PAGA Payment shall indicate on their face that, consistent with standard bank procedures, they are void if not negotiated within one-hundred and eighty (180) calendar days of their issuance. *Id.*, Section VI, ¶ 2. After one hundred eighty (180) calendar days of issuance, uncashed checks will be deposited with the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been addressed. *Id.*, 3.

## X.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Arby Aiwazian, Joanna Ghosh, Vartan Madoyan, and Selena Matavosian of Lawyers *for* Justice, PC as Class Counsel; preliminarily approve the allocations for the Class Counsel Award, Class Representative Enhancement Payment, PAGA Settlement Amount, FCRA Settlement Amount, and Settlement Administrator Costs; appoint Plaintiff as the Class Representative; appoint Simpluris as the Settlement Administrator; approve and direct the mailing of the Class Notice to the Class; and schedule a Final Approval Hearing in approximately six (6) months.

Dated:  November 29, 2023

**LAWYERS *for* JUSTICE, PC**

By: _____
Selena Matavosian
*Attorneys for* Plaintiff

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203