Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
Yasmin Hosseini (Cal. State Bar No. 326399)
*yasmin@calljustice.com*
Selena Matavosian (Cal. State Bar No. 348044)
*selena@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ PEREZ JR., individually, and on behalf of other members of the general public similarly situated;<br><br>        Plaintiff,<br><br>    vs.<br><br>BODYCOTE THERMAL PROCESSING, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendant. | Case No.: 2:22-cv-00145-RAO<br><br>Honorable Rozella A. Oliver<br>Courtroom 590<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Notice of Motion and Motion for Class Counsel Award and Class Representative Enhancement Payment; Declaration of Class Counsel (Yasmin Hosseini); Declaration of Class Representative (Cruz Perez Jr.); Declaration of Settlement Administrator (Lisa Pavlik); [Proposed] Order Awarding Class Counsel Award and Class Representative Enhancement Payment; and [Proposed] Order Granting Final Approval of Class Action and PAGA Settlement and Judgment filed concurrently herewith]<br><br>Date:           August 21, 2024<br>Time:           10:00 a.m.<br>Courtroom:    590<br><br>Complaint Filed:  November 17, 2021<br>FAC Filed:       February 18, 2022<br>Trial Date:       None Set |

*(Left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** · 410 West Arden Avenue, Suite 203 · Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **PLEASE TAKE NOTICE** that on August 21, 2024, at 10:00 a.m. or as soon

2    thereafter as this matter may be heard before the Honorable Rozella A. Oliver, in

3    Courtroom 590 of the United States District Court for the Central District of

4    California, located at First Street Courthouse, 350 West First Street, Los Angeles,

5    California 90012, Plaintiff Cruz Perez Jr. ("Plaintiff" or "Class Representative") will

6    and hereby does move for an order granting final approval of:

7        1.    The proposed class action settlement described herein and as set forth in

8    the parties' Joint Stipulation of Settlement and Release of Class Action and PAGA

9    Claims and Amendment No. 1 to Joint Stipulation of Settlement and Release of Class

10   Action and PAGA Claims (together, "Settlement," "Agreement," or "Settlement

11   Agreement") on the grounds that the Settlement is fair, adequate, and reasonable

12   because:

13       • A Net California Settlement Fund of approximately **$913,917.61** will be

14          fully distributed to the California Class Members who do not submit a

15          timely and valid Request for Exclusion from the California Class Settlement

16          ("Settlement California Class Member");

17       • **No Notices of Objection** were submitted to the settlement administrator,

18          Simpluris, Inc. ("Settlement Administrator" or "Simpluris");

19       • **No Requests for Exclusion** were submitted to the Settlement

20          Administrator;

21       2.    Payment in the amount of **$19,000.00** to the Settlement Administrator,

22   Simpluris, for Settlement Administrator Costs;

23       3.    Allocation of **$11,660.00** to the FCRA Class Members who do not

24   submit a valid and timely Request for Exclusion from the FCRA Class Settlement

25   ("Settlement FCRA Class Member") for the FCRA Settlement Amount;

26       4.    Allocation for the penalties under the California Labor Code Private

27   Attorneys General Act of 2004, Labor Code section 2698, et seq. ("PAGA"), in the

28   amount of $277,500.00, of which seventy-five percent (75%), or **$208,125.00**, will

1  be paid to the California Labor and Workforce Development Agency ("LWDA
2  Payment"), and twenty-five percent (25%), or **$69,375.00**, will be distributed to
3  PAGA Group Members on a *pro rata* basis based on the total number of
4  Compensable Pay Periods worked by each PAGA Group Member during the PAGA
5  Period.

6      This motion is based upon the following Memorandum of Points and
7  Authorities and the Declaration of Settlement Administrator (Lisa Pavlik of
8  Simpluris) in support thereof; as well as the concurrently-filed Notice of Motion and
9  Motion for Class Counsel Award and Class Representative Enhancement Payment,
10 and the Declarations of Class Counsel (Yasmin Hosseini) and Class Representative
11 (Cruz Perez Jr.) in support thereof; the pleadings and other records on file with the
12 Court in this matter; and such evidence and oral argument as may be presented at the
13 hearing on this Motion.

14 Dated: July 24, 2024                    **LAWYERS *for* JUSTICE, PC**

16                          By:  _____
17                               Selena Matavosian
                                 *Attorneys for* Plaintiff and the Class

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## <u>TABLE OF CONTENTS</u>

I.      SUMMARY OF MOTION ............................................................................1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND.............3

III.    SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF
        DISTRIBUTION..........................................................................................6

IV.     THE SETTLEMENT ADMINISTRATION PROCESS........................10

V.      THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS
        ACTION SETTLEMENT. .........................................................................12

        A.    The Settlement Resulted from Arm's-Length Negotiations Based
              Upon Extensive Investigation and Discovery. ................................14

        B.    The Risks Inherent in Continued Litigation Favor Final Approval
              of the Settlement. .............................................................................16

        C.    The Settlement Is Fair, Reasonable, and Adequate.....................18

        D.    The Class Was Represented by Competent Counsel. ...................20

        E.    There Are No Notices of Objection to the Settlement. .................20

VI.     THE SETTLEMENT ADMINISTRATOR COSTS ARE FAIR AND
        REASONABLE AND SHOULD BE APPROVED. ................................21

VII.    CONCLUSION ...........................................................................................22

1

# <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135 ...... 13, 20

4

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ................................................. 12, 13

5

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 ............................................. 13, 20

6

*In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127

7

  F.Supp.2d 418 ........................................................................................... 19

8

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ................................. 13, 20

9

**Other Authorities**

10

Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47 ......................... 20

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Cruz Perez Jr. ("Plaintiff") seeks final approval of the Joint Stipulation of Settlement and Release of Class Action and PAGA Claims and Amendment No. 1 to Joint Stipulation of Settlement and Release of Class Action and PAGA Claims (together, "Settlement," "Agreement," or "Settlement Agreement"), entered into by and between Plaintiff and Defendant Bodycote Thermal Processing, Inc. ("Defendant") (together with Plaintiff, the "Parties").[1]

The Settlement provides for a Gross Settlement Amount of $1,850,000.00 to be distributed to the following two Classes and to the PAGA Group Members:

> All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the California Class Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies ("California Class" or "California Class Members"). Settlement Agreement, Section I, ¶ 3.

> Plaintiff and individuals in the United States who applied for employment with Defendant and with respect to whom Defendant procured a background check during the FCRA Class Period ("FCRA Class" or "FCRA Class Members"). Settlement Agreement, Section I, ¶ 20.

> California Class Members and FCRA Class Members referred to together regardless of whether persons are members of one or both of the defined classes ("Class" or "Class Members"). Settlement Agreement, Section I ¶ 6.

Plaintiff moves for final approval of all payments allocated and provided for by the Settlement, to be paid from the Gross Settlement Amount, including and not limited to, Class Representative Enhancement Payment in the amount of $5,000.00 to Plaintiff, attorneys' fees in the amount of $610,500.00, which is thirty-three percent (33%) of the Gross Settlement Amount, and reimbursement of litigation costs and expenses in the

---

[1] A copy of the fully-executed Settlement Agreement is attached as "EXHIBIT 1" to the Declaration of Selena Matavosian in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Matavosian Decl.") and as "EXHIBIT 1" to the Supplemental Declaration of Selena Matavosian in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Docket Nos. 31-1 and 39-1).

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

amount of $12,422.39 (together "Class Counsel Award")[2] to Lawyers *for* Justice, PC, Settlement Administrator Costs in the amount of $19,000.00 to Simpluris, Inc. ("Simpluris" or "Settlement Administrator"), FCRA Settlement Amount in the amount of $11,660.00 to Settlement FCRA Class Members, and $277,500.00 allocated to penalties under the Private Attorneys General Act  ("PAGA Settlement Amount"), of which $208,125.00 will be paid to the California Labor and Workforce Development Agency ("LWDA") for its portion of the PAGA Settlement Amount ("LWDA Payment"), and $69,375.00 will be distributed to all current and former hourly-paid or non-exempt employees who worked for Defendant in California at any time during the PAGA Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies ("PAGA Group Members") on a *pro rata* basis based on the total number of Compensable Pay Periods worked by each PAGA Group Member during the period from April 4, 2020 through February 21, 2024 ("PAGA Period"). Settlement Agreement, Section I, ¶¶ 23, 35, 36, & 38 and Section III, ¶¶ 6, 7.a, & 8. The Net California Settlement Fund is the amount available for distribution to California Class Members who do not submit a valid and timely Request for Exclusion from the California Class Settlement ("Settlement California Class Members"). Settlement Agreement, Section I, ¶ 49.

The Settlement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly-regarded mediator who is experienced in mediating wage-and-hour class action lawsuits. Most importantly, as of the date of this Motion, *not a single Class Member has objected to any aspect of the Settlement, including the requested Class Counsel Award, Class Representative Enhancement Payment, Settlement Administrator Costs, or allocation for PAGA Settlement Amount or FCRA Settlement Amount – nor have any Class Members requested to be excluded from the Settlement.*

---

[2] In the interest of judicial efficiency, and in support of the allocations and requests for the Class Counsel Award and Class Representative Enhancement Payment, Plaintiff respectfully refers the Court to Plaintiff's Motion for Class Counsel Award and Class Representative Enhancement Payment, and papers in support thereof, filed concurrently herewith, on July 24, 2024.

Accordingly, the Court should grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Settlement Administrator Costs, FCRA Settlement Amount, and the PAGA Settlement Amount.

## II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant is a global provider of commercial thermal processing services. Plaintiff Cruz Perez Jr. was employed by Defendant as an hourly-paid, non-exempt employee from approximately September 2019 to September 2020.

On September 29, 2021, Plaintiff provided written notice to the Labor and Workforce Development Agency ("LWDA") and Defendant, of Plaintiff's intent to seek civil penalties for alleged violations of the California Labor Code ("PAGA Notice").

On November 17, 2021, Plaintiff filed the Class Action Complaint for Damages, thereby commencing a putative class action in the Superior Court of California for the County of Los Angeles, Case No. 21STCV42312, against Defendant for violations of the California Labor Code and the California Business and Professions Code ("Class Action").

On December 3, 2021, Plaintiff filed a Complaint for Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, et. seq., thereby commencing a representative PAGA action in the Superior Court of California for the County of Los Angeles, Case No. 21NWCV00803 ("PAGA Action").

On January 7, 2022, Defendant removed the Class Action to the United States District Court for the Central District of California ("Court"), Case No. 2:22-cv-00145-RAO.

On February 18, 2022, Plaintiff filed the First Amended Class Action Complaint for Damages ("Operative Complaint") in the Class Action in which it added a representative claim for civil penalties under PAGA.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   On February 22, 2022, Plaintiff filed a Request for Dismissal in the PAGA

2   Action, and on February 28, 2022, the Superior Court for the County of Los Angeles

3   dismissed the PAGA Action.

4        On March 4, 2022, Defendant filed its Answer to Plaintiff's Operative

5   Complaint.

6        Plaintiff's core allegations are that Defendant violated the California Labor

7   Code and California Business and Professions Code by, *inter alia*, failing to properly

8   pay all wages due (including minimum, regular, overtime, double-time, and

9   reporting time wages), failing to provide compliant meal and rest periods or pay

10  premiums in lieu thereof, failing to timely pay wages upon termination and

11  associated waiting time penalties, failing to timely pay wages during employment,

12  failing to provide accurate, itemized wage statements, failing to keep requisite

13  payroll records, and failing to reimburse necessary business-related expenses.

14  Plaintiff contends that Defendant's conduct constitutes unfair business practices and

15  gives rise to penalties under PAGA. Plaintiff also alleges that Defendant violated the

16  Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681(b).

17       The gravamen of Plaintiff's claims regarding Defendant's alleged failure to

18  properly pay all compensation due arises from, *inter alia*, Defendant's alleged

19  practices and policies requiring Class Members to work off-the-clock before

20  clocking in for their shifts and after clocking out of their shifts. As a result, Plaintiff

21  contends that he and the Class Members are entitled to, *inter alia*, unpaid wages,

22  penalties (including and not limited to, penalties pursuant to PAGA), and attorneys'

23  fees.

24       Defendant vigorously denies any liability of any kind associated with

25  Plaintiff's claims and allegations, and further denies that Plaintiffs or the Class

26  Members are entitled to any relief. Defendant also denies that this case is appropriate

27  for class or representative treatment for any purpose other than this Settlement.

28

Defendant maintains, among other things, that it has complied with federal and California laws in all respects and that Plaintiff's PAGA claim is time-barred.

The Parties began to engage in informal and formal discovery to understand the nature of the allegations and the scope of potential liability. On March 22, 2022, Plaintiff served on Defendant multiple sets of written discovery requests (specifically, Special Interrogatories (Sets One and Two) and Request for Production of Documents (Set One)) and served notices of deposition of person most knowledgeable with accompanying requests for productions of documents on Defendant. On May 23, 2022, Defendant responded to Plaintiff's discovery requests.

The Parties began to discuss the possibility of mediation and Defendant provided Plaintiff's counsel with pertinent data for the Class Members so that the Parties could fully-investigate the claims at issue and understand their strengths and weaknesses.

On May 15, 2023, the Parties attended a mediation with experienced mediator Jeffrey Krivis, Esq. (the "Mediator"). After the mediation, the Parties reached a settlement, as provided in the Settlement Agreement and herein, to settle Plaintiff's claims on a class-wide and representative basis.

On November 29, 2023, Plaintiff filed the Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") and supporting documents (Doc. Nos. 31, 31-1, 31-2, & 31-3).

On January 3, 2024, the Court issued an Order Directing Meet and Confer and Filing of Joint Status Report Re: Motion for Preliminary Approval of Class Action Settlement (Doc. No. 34) ("January 3, 2024 Order"), in which the Court raised multiple points of inquiry with regards to the Motion for Preliminary Approval and ordered a joint status report to be filed regarding the questions raised by the Court.

On January 10, 2024, the Parties attended a telephonic hearing regarding the Motion for Preliminary Approval ("January 10, 2024 Hearing"), wherein the Parties discussed the issues raised in the January 3, 2024 Order and orally addressed each

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

of the points. Subsequently, the Court issued a Minute Order (Doc. No. 37) ("January 10, 2024 Minute Order") which detailed the January 10, 2024 Hearing, set a deadline for Plaintiff to file supplemental briefing by February 2, 2024, and continued the hearing on the Motion for Preliminary Approval to February 21, 2024 at 10:00 a.m. in Courtroom 590 of the above-captioned Court.

On February 2, 2024, Plaintiff filed supplemental papers in support of the Motion for Preliminary Approval (Doc Nos. 39 & 39-1).

On February 21, 2024, the Parties attended a telephonic hearing wherein the Parties discussed the issues raised in the January 3, 2024 Order and the supplemental papers.

On February 21, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Order Granting Preliminary Approval") (Doc. No. 42), thereby preliminarily approving the terms of the Settlement, the Class Notice, and the proposed administration procedures and associated deadlines.

Plaintiff now moves for final approval of the Settlement, Settlement Administrator Costs, and the amounts for the FCRA Settlement Amount and the PAGA Settlement Amount, and for approval of the requested Class Counsel Award and Class Representative Enhancement Payment, as set forth in the concurrently filed Motion for Class Counsel Award and Class Representative Enhancement Payment.

## III.  <u>SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION</u>

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Gross Settlement Amount of $1,850,000.00. Settlement Agreement, Section I, ¶ 27. Subject to approval by the Court, the Net California Settlement Fund will be calculated by deducting the following amounts from the Gross Settlement Amount: (1) the Court-approved Class Counsel Award, consisting of attorneys' fees in the requested amount of 33% of the Gross Settlement Amount (equal to $610,500.00)

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and reimbursement of litigation costs and expenses in the amount of $12,422.39 to Class Counsel; (2) the Court-approved Class Representative Enhancement Payment in the amount of up to $5,000.00 to Plaintiff Cruz Perez Jr.; (3) Settlement Administrator Costs in the amount of $19,000.00 to Simpluris; (4) the PAGA Settlement Amount in the amount of $277,500.00; (5) the FCRA Settlement Amount in the amount of $11,660.00; and (6) any Employer Taxes and the employee's share of taxes and withholdings due on the portion of the Individual California Settlement Payments allocated to wages. *Id.*, Section I, ¶ 27 and Section III, ¶¶ 2.a., 4, 5, 6, 7, & 8. In the event the allocations towards each of these categories are awarded in full, the Net California Settlement Fund that will be available to be allocated to California Class Members who do not submit a valid and timely Request for Exclusion from the California Class Settlement ("Settlement California Class Members") is estimated to be at least $913,917.61, and there is no reversion to Defendant.[3] *Id.*, Section I, ¶¶ 31 & 48. The entire Net California Settlement Fund will be distributed to Settlement California Class Members based upon their Compensable Work Weeks during the California Class Period, the entire FCRA Settlement Amount will be distributed to Settlement FCRA Class Members (defined *infra*) based on an equal *pro rata* portion, and the entire PAGA Settlement Amount will be distributed seventy-five percent (75%) to the State of California and twenty-five percent (25%) to PAGA Group Members based on their Compensable Pay Periods during the PAGA Period. *Id.*, Section III, ¶¶ 3, 4 & 5.

Settlement Class Members will be paid from the Net California Settlement Fund on, a *pro-rata* basis, based upon the number of weeks each California Class Member worked as an hourly-paid or non-exempt employee for Defendant in the State of California during the Class Period, whether employed directly by Defendant

---

[3] This amount is higher than the amount stated in Paragraph 17 of the accompanying Declaration of Lisa Pavlik (On Behalf of Simpluris, Inc.) Regarding Class Notice and administration of Settlement ("Simpluris Declaration"" or "Simpluris Decl.") because the Settlement Administrator's calculation assumes that Class Counsel will obtain litigation costs and expenses in the maximum amount of $25,000.00, which is allocated under the Settlement. However, Class Counsel seeks the amount of only $12,422.39 for reimbursement of litigation costs and expenses, and the difference of $12,577.61 will remain part of the Net California Settlement Fund.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  or indirectly through Temporary Staffing Agencies ("Compensable Work Weeks").

2  Settlement Agreement, Section I, ¶ 12. The final gross amount to be After final

3  approval of the Settlement, the Settlement Administrator will divide the final Net

4  California Settlement Fund by the Compensable Work Weeks of all Settlement

5  California Class Members to yield the "Final California Compensable Work Week

6  Value," and multiply each Settlement California Class Member's individual

7  Compensable Work Weeks by the Final California Compensable Work Week Value

8  to yield hers, his, or their Individual California Settlement Payment. *Id*., Section III,

9  ¶ 3.b.

10  PAGA Members will be paid a *pro rata* share of the PAGA Group Member

11  Amount ("Individual PAGA Settlement Payment"), which will be calculated based

12  on the number of pay periods in which each PAGA Member worked as an hourly-

13  paid or non-exempt employee for Defendant within the State of California at any

14  time during the PAGA Period, whether employed directly be Defendant or indirectly

15  through Temporary Staffing Agencies ("Compensable Pay Periods"). Settlement

16  Agreement, Section I, ¶¶ 11 & 30. Individual PAGA Settlement Payments will be

17  calculated as follows: The Settlement Administrator will divide the PAGA Group

18  Member Amount (i.e., 25% of the PAGA Settlement Amount), by the total number

19  of Compensable Pay Periods worked by all PAGA Group Members to yield the

20  "PAGA Compensable Pay Period Value," and multiply each PAGA Group

21  Member's individual Compensable Pay Periods by the PAGA Compensable Pay

22  Period Value to yield hers, his, or their Individual PAGA Settlement Payment. *Id*.,

23  Section III, ¶ 5.b.

24  Class Members had forty-five (45) calendar days after the Settlement

25  Administrator mails the Notice of Class Action Settlement to Class Members

26  ("Response Deadline") to submit a Request for Exclusion, Notice of Objection,

27  and/or Compensable Work Weeks Dispute. Settlement Agreement, Section I, ¶ 45.

28  Class Members who receive a re-mailed Notice of Class Action Settlement shall have

their Response Deadline extended by the longer of fourteen (14) calendar days from the date of re-mailing or the remaining original Response Deadline period. *Id.*, Section V, ¶ 7.c. The Response Deadline was May 11, 2024. Simpluris Decl., ¶ 11. As of the date of this motion, the Settlement Administrator has not received any Requests for Exclusion, Notices of Objection, or Compensable Work Week Disputes from Class Members. *Id.*, ¶¶ 12-14.

All Individual California Settlement Payments will be allocated as follows: thirty-three percent (33%) as wages and sixty-seven percent (67%) as interest, penalties, and non-wage damages. Settlement Agreement, Section III, ¶ 3.d. The portion allocated to wages will be reported on an IRS Form W-2 and the portions allocated to penalties, interest, and non-wage damages will be reported on an IRS Form 1099 by the Settlement Administrator. Ibid. The Settlement Administrator will withhold the Employer Taxes and employee's share of taxes and withholdings with respect to the wages portion of the Individual California Settlement Payments, and issue checks to Settlement California Class Members net of these taxes and withholdings. Ibid. The Settlement Administrator shall also remit the Employer Taxes to the appropriate taxing authorities. Ibid. The Employer Taxes attributed to the Individual Payment Amounts shall be paid from the Gross Settlement Amount. Ibid. All Individual PAGA Settlement Payments will be allocated as one hundred percent (100%) non-wages for which an IRS Form 1099 will be issued (if applicable), and the Settlement Administrator will not undertake any tax withholding with respect to the Individual PAGA Settlement Payments. *Id.*, Section III, ¶ 5.c. All Individual FCRA Settlement Payments will be allocated as one hundred percent (100%) non-wages for which an IRS Form 1099 will be issued (if applicable), and the Settlement Administrator will not undertake any tax withholding with respect to the Individual FCRA Settlement Payments. *Id.*, Section III, ¶ 4.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Each Individual Class Settlement Payment, Individual FCRA Settlement Payment, and Individual PAGA Payment checks issued shall indicate on their face that, consistent with standard bank procedures, they are void if not negotiated within one-hundred and eighty (180) calendar days of their issuance. Settlement Agreement, Section VI, ¶ 2. After one hundred eighty (180) calendar days of issuance, uncashed checks will be deposited with the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been addressed. *Id.*, Section VI, ¶ 3.

## IV.    THE SETTLEMENT ADMINISTRATION PROCESS

The Court-appointed Settlement Administrator, Simpluris, has taken all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's Order Granting Preliminary Approval.

On February 27, 2024, Simpluris received the Court-approved text for the Class Notice. Simpluris Decl., ¶ 4.

On or before March 20, 2024, Defense Counsel and temporary staffing agencies, including Aerotek on March 14, 2024, Advantage on March 13, 2024, Select on March 14, 2024, and ProDrivers on March 5, 2024 provided, Simpluris with data files containing Class Members' and PAGA Group Members' last known first and last names; last known mailing address; last known telephone numbers; Social Security Numbers; start and end dates of employment as an hourly-paid or non-exempt employee who worked for Defendant within the State of California at any time, the total number of Work Weeks California Class Members worked during the California Class Period and total number of Pay Periods worked be PAGA Group Members during the PAGA Period, as applicable (collectively, the "California Class Information"). Simpluris Decl., ¶ 5. The California Class Information received from Defense Counsel (i.e., Defendant's California Class Information) contained data for one thousand two hundred and twelve (1,212) individuals. Ibid. The California Class Information received from the Temporary Staffing Agencies (i.e., TSA California

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Class Information) provide confirmation on dates of employment as well as contact information and Social Security Numbers for the individuals who were temporary employees. Ibid. Simpluris processed the names and addresses through the National Change of Address Database ("NCOA") and updated the California Class Information with any updated addresses located. *Id*., ¶ 6. Simpluris was able to locate one hundred and twenty-three (123) updated addresses using NCOA prior to the mailing of the Class Notices. Ibid.

On March 27, 2024, Simpluris mailed the California Class Notice in English and Spanish via first class mail to one thousand and seventy (1,070) individuals who are California Class Members and/or PAGA Group Members. Simpluris Decl., ¶ 7. On March 27, 2024, Simpluris mailed the FCRA Class Notice in English and Spanish via first class mail to one hundred and twenty-six (126) individuals who are only FRCA Class Members. *Id*., ¶ 8. On March 27, 2024, Simpluris mailed the California and FCRA Class Notice in English and Spanish via first class mail to sixteen (16) individuals who are California Class Members and/or PAGA Group Members, and FRCA Class Members. *Id*., ¶ 9.

As of the date of this Motion, eighty-eight (88) Class Notices were returned to Simpluris. Simpluris Decl., ¶ 10. Of the eighty-eight (88) returned Class Notices, seven (7) were returned with a forwarding address and Simpluris promptly re-mailed the Class Notice to the provided forwarding address. Ibid. If a Class Member's Class Notice was returned by the USPS as undeliverable and without a forwarding address, Simpluris performed an advanced address search (i.e., skip trace) by using Accurint. Ibid. Through the advanced address searches, Simpluris was able to locate seventy (70) updated addresses and Simpluris promptly mailed the applicable Class Notice to those updated addresses. Ibid. Ultimately, eleven (11) Class Notices were undeliverable. Ibid.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The Response Deadline was May 11, 2024. Simpluris Decl., ¶ 11. As of the date of this Motion, the Settlement Administrator has not received any Requests for Exclusion, Notices of Objection or Compensable Work Week Disputes from Class Members. *Id*., ¶¶ 12, 13 & 14.

To date, there are one thousand and sixty-three (1,063) Class Members who did not submit a timely and valid Request for Exclusion, and are therefore, deemed to be Settlement Class Members. Simpluris Decl., ¶ 15. Pursuant to the terms of the Settlement, the Net California Settlement Fund of approximately $913,917.61 will be distributed to Settlement California Class Members in accordance with the terms of the Settlement. *Id*., ¶ 17.[4] The *highest* Individual California Settlement Payment is currently estimated to be at least $4,670.38 and the *average* Individual California Settlement Payment is currently estimated to be at least $795.55. *Id*., ¶ 18.[5] The *highest* Individual PAGA Settlement Payment is currently estimated to be at least $366.68 and the *average* Individual PAGA Settlement Payment is currently estimated to be at least $95.43. *Id*., ¶ 19. The Individual FCRA Settlement Payment is currently estimated to be $82.11. *Id*., ¶ 21.

## V.  THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT.

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable. *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52. To determine whether the settlement is fair and reasonable, courts consider relevant factors such as:

> the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of

---

[4] See n.3, *supra*.

[5] The actual average and highest Individual California Settlement Payment will be larger than the amounts stated in the Simpluris Declaration because the Net California Settlement Fund is larger due to Class Counsel's request for reimbursement of litigation costs and expenses in an amount that is less than $25,000.00 (the difference between the amount sought and the amount authorized under the Settlement, i.e., $12,577.61, will be part of the Net Settlement Amount).  See n.3, *supra*.

counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement.

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. "The list of factors is not exclusive and the court is free to engage in a balancing and weighing of the factors depending on the circumstances of each case." *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk, supra,* 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba, supra,* 91 Cal.App.4th at 245. At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk, supra,* 48 Cal.App.4th at 1802. In reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146. The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement, taken as a whole, is "fair, adequate, and reasonable." *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 55. A settlement need not obtain 100 percent of the damages sought in order to be fair, reasonable, and ultimately, meaningful. *Wershba, supra,* 91 Cal.App.4th at 251. Even if the proposed settlement affords relief that is substantially narrower than it would be if the cases were to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation. *Id.*

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**A.**    <u>The Settlement Resulted from Arm's-Length Negotiations Based Upon Extensive Investigation and Discovery.</u>

The Parties actively litigated the case since it commenced on November 17, 2021. Both sides used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and Class Counsel was actively preparing the matter for class certification and trial prior to reaching the Settlement. Declaration of Yasmin Hosseini in Support of Plaintiff's Motion for Final Approval of Class Action and PAGA Settlement and Motion for Class Counsel Award and Class Representative Enhancement Payment ("Hosseini Decl."), ¶ 6.

The parties conducted significant investigation and formal and informal discovery into the facts of the case, and reviewed and analyzed a large volume of information, data, and documents obtained from Plaintiff, Defendant, and other sources, in the course of litigation and in connection with mediation and settlement negotiations. Hosseini Decl., ¶ 6. Class Counsel engaged in the initial disclosures process, propounded multiple sets of written discovery requests on Defendant (i.e., Plaintiff's Special Interrogatories (Sets One and Two) and Request for Production of Documents (Set One)), served notices of deposition of person most knowledgeable with accompanying requests for productions of documents on Defendant, reviewed and analyzed Defendant's objections, responses, and production of documents in the course of formal discovery, and prepared Plaintiff's responses to requests for production of documents, and the parties eventually agreed to engage in, and did engage in, extensive informal discovery. Ibid. The information, documents, and data reviewed and analyzed by Class Counsel included, and were not limited to a sampling of Class Members' time and pay data. Ibid. Class Counsel developed liability, damages, and penalties valuation models in the course of litigation and in connection with mediation and settlement negotiations, and met and conferred with Defendant's counsel on numerous occasions, e.g., to discuss issues relating to the pleadings, case management, discovery, jurisdiction, and production

of information, documents, and data in the course of litigation and in connection with the mediation and settlement negotiations, and mediation and settlement. Ibid. Other work performed by Class Counsel included, and was not limited to, case strategy and analysis; drafting, reviewing, and revising the pleadings, motion-related papers, the mediation brief, and settlement documents; and preparing for and attending court proceedings and mediation and settlement negotiations, among other tasks. Ibid.

After conducting significant investigation into the facts and law during the prosecution of the case, counsel for the Parties engaged in extensive settlement negotiations to try to resolve the case. Hosseini Decl., ¶ 8. These efforts included participating in a formal, full-day mediation conducted by Jeffrey Krivis, Esq., a well-regarded mediator experienced in mediating complex labor and employment matters. Ibid. In the course of mediation and settlement negotiations, the parties exchanged information, documents, and data, and discussed all aspects of the case, including and not limited to, the risks and delays of further litigation, the risks to the Parties of proceeding with class certification and trial, the law relating to class certification, manageability, off-the-clock theory, rounding, meal and rest periods, on-premises breaks, representative PAGA claims, Fair Credit Reporting Act ("FCRA"), wage-and-hour law and enforcement, as well as the evidence produced and analyzed, and the possibility of appeals, among other things. Ibid. During all settlement discussions, the Parties conducted their negotiations at arm's length in an adversarial position. Ibid. Arriving at a settlement that was acceptable to the parties was not easy. Ibid. Defendant contended that individualized questions of fact predominate over any common issues, and these issues would pose challenges to class certification and representative adjudication. Ibid. Defendant and its counsel felt strongly about Defendant's ability to avoid class certification and representative adjudication and prevail on the merits, while Plaintiff and Class Counsel believed that they would be able to obtain class certification and prevail at trial. Ibid. With the aid of the mediator's evaluation, the parties ultimately agreed that the case was well-

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

suited for settlement given the legal issues relating to Plaintiff's principal claims, as well as the costs and risks to the parties that would attend further litigation. Ibid.

The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. Class Counsel analyzed a large amount of information, data, and documents obtained from Plaintiff, Defendant, and other sources, that provided a critical understanding of the nature of the work performed by the Class Members, as well as Defendant's operations and employment policies, practices, and procedures. Hosseini Decl., ¶ 7. Class Counsel also performed research regarding applicable law, which is evolving as it relates to class certification, manageability, off-the-clock theory, rounding, meal and rest periods, representative PAGA claims and penalties, Fair Credit Reporting Act ("FCRA"), wage-and-hour law and enforcement, Plaintiff's claims and allegations, and Defendant's defenses thereto, as well as facts discovered. Ibid. The Settlement Agreement reached was based on this large volume of facts, evidence, and investigation. *Id.*, ¶¶ 6-8. Additionally, Class Counsel has extensive experience in handling complex wage-and-hour matters, including significant experience in employment class action litigation. *Id.*, ¶¶ 13-19.

## B. The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.

The Settlement, which provides for a Gross Settlement Amount of $1,850,000.00, represents a fair, adequate, and reasonable resolution of the case, given the risks inherent in litigating class and representative claims through certification proceedings, trial, and/or appeals. Hosseini Decl., ¶¶ 10 & 22. The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and the exchange of information in the context of preparing for mediation and ongoing settlement negotiations. *Id.*, ¶¶ 5-8. Had the action not settled, Defendant would have vigorously challenged class certification, manageability of representative adjudication, and liability. Defendant

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

contended that individualized questions of fact predominated over any common issues, and these issues would pose challenges to certification and representative adjudication. Defendant would have likely argued again at trial, if any, that Plaintiff's claims were not appropriate for class-wide and/or representative adjudication. On the other hand, Defendant also faced the risk of the Court certifying a class and allowing a jury to decide Plaintiff's claims on a class-wide or representative basis. Additionally, preparation for trial would have been expensive for all parties.

It is preferable to reach an early resolution of a dispute because such resolutions save time and money that would otherwise go to litigation. If this matter had settled after further litigation, the settlement amount would have taken into account the additional costs incurred, and there might have been less money available for Class Members after all was said and done. This is not just an abstract contention. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. These risks of further litigation include a determination that the claims were unsuitable for class treatment and/or representative adjudication, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, and the real possibility of no recovery after years of litigation. Additionally, the Parties were moving into the phase of the litigation where they would have to conduct a significant amount of additional discovery, including and not limited to, depositions of Defendant's Person Most Knowledgeable designees, expert witnesses, and percipient witnesses, such as managers, supervisors, and other current and former employees throughout the State of California. Discovery disputes would have certainly arisen, which would have cost the parties additional time and money. In contrast, the Settlement provides real and significant benefits for the Class here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA
SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

It would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Defendant for the alleged violations of wage-and-hour laws.  Moreover, the potential individual recovery that could be obtained by a Class Member would not be significant enough to provide him or her with the incentive to sue. By granting final approval of the Settlement, the Court can approve a resolution that provides a certain and substantial recovery for Class Members and the State of California.

**C.**     **The Settlement Is Fair, Reasonable, and Adequate.**

The Settlement, which provides for a Gross Settlement Amount of $1,850,000.00, represents a fair, reasonable, and adequate resolution of the case. The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and the exchange of information in the context of preparing for mediation and conducting ongoing settlement negotiations.  The Settlement takes into account the potential risks and rewards inherent in any case and, in particular, in this case. Moreover, considering all of the facts in the case, the Gross Settlement Amount represents a considerable recovery.

Even after deducting attorneys' fees in the amount of $610,500.00, litigation costs and expenses in the amount of $12,422.39, Class Representative Enhancement Payment in the amount of $5,000.00, Settlement Administrator Costs in the amount of $19,000.00, FCRA Settlement Amount in the amount of $11,660.00, and the PAGA Settlement Amount in the amount of $277,500.00 from the Gross Settlement Amount of $1,850,000.00, as provided for by the Settlement, the Net California Settlement Fund is currently estimated to be $913,917.61. Simpluris Decl., ¶ 17.[6] The entire Net California Settlement Fund will be distributed to Settlement California Class Members based upon their Compensable Work Weeks, the entire FCRA Settlement Amount will be distributed to Settlement FCRA Class Members (defined *infra*) based on a *per capita* basis, and the entire PAGA Settlement Amount

---

[6] See n.3, *supra*.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

will be distributed as seventy-five percent (75%) to the State of California and twenty-five percent (25%) to PAGA Group Members based on their Compensable Pay Periods, and no portion of the Gross Settlement Amount shall revert to Defendants. Settlement Agreement, Section III, ¶¶ 3, 4 & 5. To date, there are one thousand and sixty-three (1,063) Settlement California Class Members, seven hundred and twenty-seven (727) PAGA Group Members, and one hundred and forty-two (142) Settlement FCRA Class Members. Simpluris Decl., ¶¶ 15, 18, & 20. The *highest* Individual California Settlement Payment is currently estimated to be at least $4,670.38 and the *average* Individual California Settlement Payment is currently estimated to be at least $795.55. *Id*., ¶ 18.[7] The *highest* Individual PAGA Settlement Payment is currently estimated to be at least $366.68 and the *average* Individual PAGA Settlement Payment is currently estimated to be at least $95.43. *Id*., ¶ 19. The Individual FCRA Settlement Payment is currently estimated to be $82.11. *Id*., ¶ 21. The Individual California Settlement Payment is subject to reduction for the employee taxes and withholdings. These are significant individual recoveries, particularly in light of the risks of litigation.

At the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel." *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418, 429-30. The *pro rata* allocation here is a fair and reasonable way to distribute the Net California Settlement Amount. In light of the above considerations, Class Counsel believes that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of the Class Members and the State of California. Ghosh Decl., ¶ 21. Although the recommendations of Class Counsel are not conclusive, the Court can properly take the recommendations into account, particularly if Class Counsel appears to be competent, has experience with this type of litigation, and significant discovery and

[7] See n.5, *supra*.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

investigation have been completed, as is the case here. Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47.  Accordingly, the Court should grant final approval of the Settlement.

### D.    The Class Was Represented by Competent Counsel.

Class Counsel has extensive experience in employment class action law and complex wage-and-hour litigation. *Id*., ¶¶ 13-19. Lawyers *for* Justice, PC has been appointed class counsel in numerous complex wage-and-hour cases, and has recovered millions of dollars for individuals in California. Ibid. Both Parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendant and the benefits of the Settlement under the circumstances of the case and in the context of a private, consensual settlement agreement.

### E.    There Are No Notices of Objection to the Settlement.

The Settlement has been well received by the Class – ***not a single Class Member objected to the Settlement.*** Simpluris Decl., ¶ 13. Specifically, no objections have been made as to the Gross Settlement Amount or requested Class Counsel Award, Class Representative Enhancement Payment, Settlement Administrator Costs, the amount for the FCRA Settlement Amount, or the amount for the PAGA Settlement Amount. California courts have consistently found that a small number of objectors indicates the class' support for a settlement and strongly favors final approval. *Wershba*, *supra*, 91 Cal.App.4th at 250-51 (final approval granted despite 20 objectors); *7-Eleven Owners*, *supra*, 85 Cal.App.4th at 1152-53 (final approval granted despite 9 objectors).

Here, the lack of any objections speaks volumes about the fairness, reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a whole is presumed to be fair, reasonable, and adequate, and the Court should grant final approval of the Settlement in its entirety.  *Dunk*, *supra*, 48 Cal.App.4th at 1802.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## VI. <u>THE SETTLEMENT ADMINISTRATOR COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED.</u>

As set forth in the accompanying Simpluris Declaration, the total costs incurred and to be incurred by Simpluris for the notice and settlement administration process are $19,000.00. Simpluris Decl., ¶ 19.  The costs incurred and to be incurred include, but are not limited to, (a) establishing and maintaining a settlement fund account; (b) establishing and maintaining a calendar of settlement-related deadlines and responsibilities; (c) printing and mailing the Court-approved Notices of Proposed Class Action Settlement and Hearing Date for Court Approval that were attached to the Settlement Agreement as Exhibits A (for Class Members who are only California Class Members), B (for Class Members who are only FCRA Class Members), and C (for Class Members who are both California Class Members and FCRA Class Members) (hereafter "Class Notice(s)"). to Class Members; (d) performing any NCOA search and skip-tracing needed; (e) receiving, validating and tracking Requests for Exclusion, Notices of Objection, or Compensable Work Weeks Disputes submitted by Class Members consistent with the Settlement Agreement; (f) processing and mailing settlement payments to the Plaintiff, Class Counsel, and Class Members; (g) determining any appropriate tax withholdings from the wage portion of payments to Settlement Class Members, making the appropriate payments based on withholdings and the employer's share of payroll taxes, and issuing any required tax paperwork;  (h) providing counsel with weekly reports; and (i) other tasks as the Parties mutually agree or the Court orders Simpluris to perform. *Id.*, ¶ 3.

Accordingly, the Court should grant final approval of payment to Simpluris, a necessary third-party administrator, for its handling of the notice and settlement process, in the amount of $19,000.00.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## VII.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Individual California Settlement Payment to Settlement California Class Members, Settlement Administrator Costs, FCRA Settlement Amount, and the PAGA Settlement Amount, in their entirety, as sought herein.

Dated: July 24, 2024                          **LAWYERS *for* JUSTICE, PC**

By: _____
Selena Matavosian
*Attorney for* Plaintiff and the Class