UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:   CV 22-00145 RAO                          Date:   August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

|                   James Muñoz                    |                    N/A                     |
|--------------------------------------------------|--------------------------------------------|
|                 Deputy Clerk                     |           Court Reporter/Recorder          |

        Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

                         N/A                                            N/A

**Proceedings:**        (In Chambers) **ORDER GRANTING MOTION FOR FINAL
                        APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT [43]
                        AND GRANTING-IN-PART MOTION FOR CLASS COUNSEL
                        AWARD AND CLASS REPRESENTATIVE ENHANCEMENT
                        PAYMENT [44]**

        This is a putative wage and hour class action brought by Plaintiff Cruz Perez Jr. ("Plaintiff") against Defendant Bodycote Thermal Processing, Inc. ("Defendant"). The case settled in mediation, and the parties filed a notice of settlement on July 26, 2023. Dkt. No. 28. On February 21, 2024, the Court preliminarily approved the class action settlement. Dkt. No. 42.

        Currently before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). Plaintiff also filed a Motion for Class Counsel Award and Class Representative Enhancement Payment ("Fees Motion"). Dkt. No. 44. In support of the two motions, Plaintiff submitted a Declaration of Yasmin Hosseini ("Hosseini Declaration"), Dkt. No. 43-1, a Declaration of Cruz Perez Jr. ("Plaintiff Declaration"), Dkt. No. 43-2, and a Declaration of Lisa Pavlik ("Simpluris Declaration"), Dkt. No. 43-3.[1]

        On July 31, 2024, Defendant filed an Opposition to the Fees Motion. Dkt. No. 45.

        Plaintiff filed a Reply to the Fees Motion ("Reply") and a Supplemental Declaration of Cruz Perez Jr. ("Plaintiff Supplemental Declaration") on August 7, 2024. Dkt. Nos. 46, 47.

---

[1] The same three declarations were attached to both motions. The Court will refer to the declarations attached to the Motion for Final Approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-00145 RAO | Date: | August 23, 2024 |
| Title: | Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al. | | |

The Court held a final approval and fairness hearing on August 21, 2024, at 10 a.m.  Dkt. No. 48.  The hearing was held in person in the undersigned's courtroom and a Zoom webinar was open to the general public.  No class members appeared at the hearing and there have been no objections or requests for exclusion.  The Court GRANTS the Motion for Final Approval and GRANTS-IN-PART the Fees Motion.

## I.   BACKGROUND

### A.   Procedural Background

Plaintiff brings this putative class action against Defendant for violations of California Labor Code sections 518 and 1198 for unpaid overtime, California Labor Code sections 226.7 and 512(a) for unpaid meal period premiums, California Labor Code section 226.7 for unpaid rest period premiums, California Labor Code sections 1194, 1197, and 1197.1 for unpaid minimum wages, California Labor Code sections 201 and 202 for final wages not timely paid, California Labor Code section 204 for wages not timely paid during employment, California Labor Code section 226(a) for non-compliant wage statements, California Labor Code section 1174(d) for failure to keep requisite payroll records, California Labor Code sections 2800 and 2802 for unreimbursed business expenses, California Business & Professions Code sections 17200 *et seq.*, 15 U.S.C. § 1681b (Fair Credit Reporting Act or "FCRA"), and California Labor Code sections 2698 *et seq.*, also known as California's Private Attorney General Act of 2004 ("PAGA").  First Am. Compl. ("FAC"), Dkt. No. 15.  Plaintiff was employed by Defendant as an hourly-paid, non-exempt employee from approximately September 2019 to September 2020.  *Id.* ¶ 16.

Plaintiff filed his class action complaint for damages in the Superior Court of the State of California, Los Angeles County, on November 17, 2021.  Dkt. No. 1-1.  Plaintiff filed his PAGA complaint in the Superior Court, Los Angeles County, on December 3, 2021.  *See* Mot. for Final Approval at 3.  On January 7, 2022, Defendant removed the putative class action to this district.  Dkt. No. 1.

Plaintiff filed his FAC on February 18, 2022, which combined the allegations and claims set forth in his class action complaint and PAGA complaint.  Dkt. No. 13.  Plaintiff requested dismissal of the state court PAGA action, and the state court dismissed the PAGA action.  *See* Mot. for Final Approval at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                                    Date:   August 23, 2024

Title:       Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

---

Defendant filed an Answer to the FAC on March 4, 2022. Dkt. No. 16. The parties filed their Joint Rule 26(f) Report, and the Court held a telephonic scheduling conference. Dkt. Nos. 18, 19. The case was referred to private mediation. Dkt. No. 20.

The parties participated in a mediation with Mediator Jeffery Krivis, Esq., on May 15, 2023, and ultimately reached a settlement. *See* Dkt. No. 28; Mot. for Final Approval at 5. The parties filed a notice of settlement on July 26, 2023. Dkt. No. 28.

The Court held a telephonic hearing on the motion for preliminary approval on January 10, 2024, and the parties agreed to submit supplemental briefing on three issues. Dkt. No. 37. Plaintiff filed his supplemental brief, which explained that the parties had entered into an amendment of the settlement agreement in response to the issues raised by the Court at the January 10, 2024 hearing. Dkt. NO. 39. The Court held a further hearing by Zoom on February 21, 2024. Dkt. No. 41. Later that day, the Court granted preliminary approval of the class action settlement and set a date for the final approval hearing.

On July 24, 2024, Plaintiff filed the instant Motion for Final Approval and Fees Motion. Dkt. Nos. 43, 44.

**B.      The Settlement Agreement and Amendment No. 1[2]**

The parties executed a Joint Stipulation of Settlement and Release of Class Action and PAGA Claims (the "Settlement Agreement") on November 29, 2023. Dkt. No. 31-1 at 24-112. The parties executed Amendment No. 1 to the Settlement Agreement ("Amendment No. 1") on February 2, 2024. Dkt. No. 39-1 at 15-51.

1.      Settlement Classes and PAGA Group

The California Class is defined as all current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the California Class Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies. Settlement Agreement at 2. The California Class Period is defined as the period from November 17, 2017 through the earlier of: (a) the date the Court grants preliminary

---

[2] This order refers to terms as they are defined in the Settlement Agreement, as amended by Amendment No. 1. *See* Settlement Agreement at 1-14; Amendment No. 1 at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                             Date:   August 23, 2024
Title:       Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

approval; or (b) the date the Qualifying Threshold is met, if applicable, pursuant to the Escalator Clause. *Id.* The Escalator Clause is triggered if as of the date preliminary approval is granted, the number of work weeks of the California Class exceeds the Qualifying Threshold of 58,719 Work Weeks (10% higher than the projected California Class work weeks). *Id.* at 38. If the Escalator Clause is triggered, Defendant may either increase the Gross Settlement Amount based on the increased number of work weeks in excess of the Qualifying Threshold or end the California Class Period and PAGA Period as of the date the work weeks count reaches the Qualifying Threshold. *Id.* at 38-39.

The FCRA Class is defined as Plaintiff and individuals in the United States who applied for employment with Defendant and with respect to whom Defendant procured a background check during the FCRA Class Period. Settlement Agreement at 5; Amendment No. 1 at 1. The FCRA Class Period is defined as the period from November 17, 2019 through August 31, 2020. Settlement Agreement at 5.

The PAGA Group is defined as all current and former hourly-paid or non-exempt employees who worked for Defendant in California at any time during the PAGA Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies. Settlement Agreement at 8. The PAGA Period is defined as the period from April 4, 2020 through the earlier date of: (a) the date the Court grants preliminary approval; or (b) the date the Qualifying Threshold is met, if applicable, pursuant to the Escalator Clause. *Id.*

2.       Settlement Amount and Allocation

Defendant agrees to pay a non-reversionary gross settlement amount of $1,850,000. Settlement Agreement at 20. $277,500 will be allocated to settlement of the PAGA claim, with $208,125 (75%) to be sent to the Labor and Workforce Development Agency (LWDA) and the remaining $69,375 to be allocated among the PAGA Group Members on a *pro rata* basis based on the number of compensable pay periods. *Id.* at 20, 23. $11,660 will be allocated on a *per capita* basis among the Settlement FCRA Class Members. *Id.* Plaintiff and class counsel will request a class representative enhancement payment of up to $5,000, attorneys' fees of up to 33% of the gross settlement amount ($610,500 if the gross settlement amount remains $1,850,000), litigation costs and expenses not exceeding $25,000, and settlement administration expenses of up to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 22-00145 RAO                          Date:    August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

$45,000. [3] *Id.* at 20-26.  The remaining balance will be allocated among the Settlement California Class Members based on their compensable work weeks and any and all lawfully required employer's-side payroll taxes owing on the Individual California Settlement Payments.  *Id.* at 20.

        3.    <u>Releases</u>

    The Settlement Agreement includes separate releases of claims as of the effective date and full funding of the gross settlement amount for all Settlement California Class Members, all Settlement FCRA Class Members, and all PAGA Group Members.  Settlement Agreement at 27-29.  Each Releasing Party also waives all rights and benefits afforded by section 1542 of the California Civil Code, but only as it relates to the Released Claims.  *Id.* at 29.  The Released Claims are limited to those claims that were alleged in or reasonably arise out of the same set of operative facts in the complaints filed by Plaintiff during the applicable class periods.  *See id.* at 9-11.  Plaintiff, for himself only, releases any and all claims that exist or may exist as of the date of the Settlement Agreement against the Released Parties.  *Id.* at 29-30.

    **C.    Notice to Class Members and Class Response**

    The parties agreed to appoint Simpluris, Inc. ("Simpluris") to perform the duties of Settlement Administrator, *see* Settlement Agreement at 34, which the Court approved, Dkt. No. 42.  Simpluris received the Court-approved class notices on February 27, 2024.  Simpluris Decl. ¶ 4.  The toll-free telephone number included in the class notices was live on March 27, 2024.  *Id.*

    By March 20, 2024, defense counsel and temporary staffing agencies provided Simpluris with data files containing class members' identities and information.  *Id.* ¶ 5.  The class list contained data for 1,212 individuals.  *Id.*  Simplurius processed and updated the mailing addresses. *Id.* ¶ 6.  On March 27, 2024, Simpluris mailed the California Class Notice to 1,070 individuals who are California Class Members and/or PAGA Group Members, the FCRA Class Notice to 126 individuals who are only FCRA Class Members, and the California and FCRA Class Notice to 16 individuals who are California Class Members and/or PAGA Group Members, and FCRA Class Members.  *Id.* ¶¶ 7-9.

---

[3] Defendant agreed not to object to a fees award of up to 25% or an incentive award of up to $3,500 but reserved the right to oppose requests that exceed those amounts.  *See* Settlement Agreement at 24-25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-00145 RAO                    Date:   August 23, 2024
Title:     Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

A total of 88 class notices were returned. *Id.* ¶ 10. Seven were returned with forwarding addresses. *Id.* For the returned class notices without a forwarding address, Simpluris conducted an advanced address search and located 70 updated addresses. *Id.* Simpluris promptly mailed the class notices to the updated addresses. *Id.* Ultimately, 11 class notices were undeliverable. *Id.*

The deadline for Class Members to submit a request for exclusion, a notice of objection, or compensable work week dispute was May 11, 2024, with an extended deadline of May 25, 2024 for individuals who received re-mailed notices. *Id.* ¶ 11. As of July 24, 2024, Simpluris has not received any requests for exclusion, notices of objection, or compensable work week disputes. *Id.* ¶¶ 12-14.

## II.    RULE 23 CLASS ACTION SETTLEMENT

### A.    Legal Standard

The Rule 23(a) prerequisites for a class action are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). A class action may be maintained if Rule 23(a) is satisfied and one of the Rule 23(b) circumstances applies. Fed. R. Civ. P. 23(b). The Court must direct "the best notice that is practicable under the circumstances" for any class certified under Rule 23(b)(3), with the notice including seven specific pieces of information. Fed. R. Civ. P. 23(c)(2).

A class action may be settled only with the district court's approval. Fed. R. Civ. P. 23(e). If a proposed settlement would bind class members, "the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) ("Rule 23(e) imposes on district courts an independent obligation to ensure that any class settlement is 'fair, reasonable, and adequate,' accounting for the interests of absent class members."). Rule 23(e)(3) was amended in 2018 with a list of specific factors for the court to consider:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 22-00145 RAO                                    Date:    August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

     (i) the costs, risks, and delay of trial and appeal;
     (ii) the effectiveness of any proposed method of distributing relief to the
     class, including the method of processing class-member claims;
     (iii) the terms of any proposed award of attorney's fees, including timing of
     payment; and
     (iv) any agreement required to be identified under Rule 23(e)(3); and
   (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

     Prior to formal class certification, a "higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e)" applies. *In re Bluetooth Headset Prods. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). Courts must scrutinize agreements for "subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations." *Id.* at 947. The *Bluetooth* panel described three signs of collusion: (1) counsel receives a disproportionate distribution or the class receives no monetary distribution; (2) a "clear sailing" arrangement in which the defendant agrees not to challenge a request for an agreed-upon attorney's fee; and (3) when fees not awarded revert back to defendants rather than to the class fund. *Id.* District courts must apply these factors in reviewing settlements struck before class certification. *Briseño*, 998 F.3d at 1023.

     Prior to the 2018 Amendment, the Ninth Circuit instructed courts to consider the following non-exhaustive list of factors in approving a class action settlement (often referred to as the *Hanlon* or *Staton* factors): (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement. *Id.* (citing to *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003)). "[M]any of the *Staton* factors fall within the ambit of the revised Rule 23(e)." *Briseño*, 998 F.3d at 1025-26. The Advisory Committee notes to the 2018 Amendment explain that "[t]he goal of this amendment is not to displace any factor, but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No.: | CV 22-00145 RAO | | Date: | August 23, 2024 |
| Title: | Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al. | | | |

Amendment.  The Ninth Circuit recently confirmed that district courts must still explore these factors "comprehensively."  *Kim v. Allison*, 8 F.4th 1170, 1178 (9th Cir. 2021).

Thus, in determining whether the settlement is fair, reasonable, and adequate under Rule 23(e)(2), the Court will first address the considerations in the revised rule, which incorporate many of the *Hanlon/Staton* factors (hereinafter, "*Hanlon* factors").  *See Freeze v. PVH Corp.*, No. CV 19-1694 PSG (Ex), 2021 WL 2953151, at *3 n.2 (C.D. Cal. Jan. 7, 2021) (applying Rule 23(e)(2) factors "through the lens of the Ninth Circuit's *Hanlon/Staton* factors and existing relevant precedent").  In considering the proposed award of attorneys' fees, the Court will apply the *Bluetooth/Briseño* factors (hereinafter, "*Bluetooth* factors").  *See Briseño*, 998 F.3d at 1024 ("[T]he new Rule 23(e) makes clear that courts must balance the 'proposed award of attorney's fees vis-à-vis the 'relief provided for the class' in determining whether the settlement is 'adequate' for class members.").  The Court will then address the remaining *Hanlon* factors.

**B.   Discussion**

1.   Rules 23(a) and (b)

In its order granting preliminary approval, the Court certified the settlement classes in this matter under Rules 23(a) and 23(b)(3).  Dkt. No. 42 at 6-8.  The Court "need not find anew that the settlement class meets the certification requirements of Rule 23(a) and (b)."  *Adoma v. University of Phoenix, Inc.*, 913 F. Supp. 2d 964, 974 (E.D. Cal. 2012).  Circumstances have not materially changed since conditional certification and the Court finds that all criteria for class certification remain satisfied.  The Court confirms its order certifying the settlement classes.

2.   Notice under Rule 23(c)(2)

The Court directed notice by mail.  The Court approved the notices sent by mail under Rule 23(c)(2)(B).  Simpluris mailed notices to 1,212 individuals and performed additional searches for 81 notices that were returned without a forwarding address.  Ultimately, only 11 class notices were undeliverable.  The Court finds that this constitutes the best notice practicable under the circumstances under Rule 23(c)(2)(B).  The notices also complied with Rule 23(e)(1).

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                     Date:   August 23, 2024
Title:   Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

3.      Class Action Fairness Notice

The Class Action Fairness Act (CAFA) requires that not later than 10 days after a proposed settlement is filed in court, each defendant must serve upon the appropriate state and federal officials a notice of the proposed settlement.  28 U.S.C. § 1715(b).  A final approval order may not issue earlier than 90 days after the later of the dates on which the appropriate officials were served with this notice.  28 U.S.C. § 1715(d).

On December 11, 2023, Defendant's counsel filed a declaration regarding service of CAFA notice.  Dkt. No. 32.  Counsel declares that the appropriate federal and state officials were served with a CAFA notice and the requisite documents on December 8, 2023.  *Id.*

Defendant's counsel has complied with the CAFA notice requirements and a final approval order may issue after March 7, 2024.  Thus, the Court may grant final approval at this time.

4.      Fairness

The Settlement Agreement includes a release of claims and class members are bound unless they filed a request to be excluded.  Thus, the Court applies the Rule 23(e)(2) factors.

        a.      *Rule 23(e)(2) factors (A) and (B): adequate representation by the class representative and class counsel and negotiation at arm's length*

The Advisory Committee Note to the 2018 Amendment groups these two factors as "'procedural' concerns, looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement."  Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment.  The "focus . . . is on the actual performance of counsel acting on behalf of the class."  *Id.*  The "nature and amount of discovery in this or other cases, or the actual outcomes of other cases" are relevant considerations.  *Id.*  "[T]he involvement of a neutral or court-affiliated mediator or facilitator . . . may bear on whether they were conducted in a manner that would protect and further the class interests."  *Id.*

Here, the Court considers *Hanlon* factor 6, the experience and views of counsel.  As set forth in counsel's declaration, Plaintiff's counsel have decades of experience in class action litigation.  *See* Hosseini Decl. ¶¶ 13-18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                              Date:   August 23, 2024

Title:      Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

As to the actual performance of counsel, the Court will consider *Hanlon* factor 5, the extent of discovery completed and the stage of the proceedings. "The extent of the discovery conducted to date and the stage of the litigation are both indicators of [Class] Counsel's familiarity with the case and of Plaintiffs having enough information to make informed decisions." *Jimenez v. Allstate Ins. Co.*, No. 10-cv-08486-JAK (FFMx), 2020 WL 11624498, at *8 (C.D. Cal. May 1, 2020) (citation omitted). As long as the parties have sufficient information to make an informed decision about settlement, "formal discovery is not a necessary ticket to the bargaining table." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Class counsel represent that they conducted a thorough investigation into the relevant facts and legal claims, including the suitability of Plaintiff's claims for class treatment. Hosseini Decl. ¶ 5. Counsel engaged in discovery of the facts of the case, including providing initial disclosures, propounding written discovery and reviewing Defendant's responses, and preparing Plaintiff's responses to document requests. *Id.* ¶ 6. Counsel researched the applicable law and engaged in extensive settlement negotiations. *Id.* ¶¶ 7-8. Thus, class counsel conducted a sufficient investigation to come to an informed decision for settlement. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that informal discovery prior to settling supports approving the class action settlement).

Additionally, the parties' participation in a formal full-day mediation with an experienced neutral supports that the parties conducted negotiations at arm's length.

In sum, the Court finds that these procedural concerns weigh in favor of approval.

         b.     *Rule 23(e)(2) factors (C) and (D): adequate relief for the class and equitable treatment of class members*

The Advisory Committee Note to the 2018 Amendment groups these two factors as the "substantive" review of the proposed settlement, with "[t]he relief that the settlement is expected to provide to class members" as "a central concern." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                      Date:   August 23, 2024
Title:      Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

(i) Costs, risks, and delay of trial and appeal

Here, the Court considers *Hanlon* factors 1, 2, and 3: the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; and the risk of maintaining class action status throughout the trial.

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing*, 266 F.R.D. 482, 488 (E.D. Cal. 2010). "[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004).

Plaintiff explains that further litigation carried numerous risks and obstacles, including the likelihood that Defendant would have challenged class certification, manageability of representative adjudication, and liability. Mot. for Final Approval at 16. Had the case not settled when it did, additional costs for discovery and litigation would have been incurred, which would have resulted in less money available for Class Members for any later settlement. *Id.* at 17. Additionally, the case could have continued for years through trial and possible appeal, even if Plaintiff was successful in certifying the class against Defendant's challenges.

In light of these considerations, this factor weighs in favor of approval of the class action settlement.

(ii) Effectiveness of proposed method of distributing relief to the class, including the method of processing class-member claims

"A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment. Here, class members were identified by Defendant and staffing agencies by name, address, and other information, and mailed notices of the class action settlement. Class Members are not required to file a claim or respond to the class notice to receive a payment. Checks will be mailed to the identified class members. This factor weighs in favor of approval of the settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                                    Date:   August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

(iii) Terms of proposed award of attorneys' fees, including timing
of payment

The payment of attorneys' fees will occur on the same schedule as the payment to the class,
that is, within 15 calendar days of Defendants paying the Gross Settlement Amount to Simpluris.
Settlement Agreement at 48-49.  Thus, the timing of the award of fees is fair.

The Court next applies the *Bluetooth* factors as instructed by the Ninth Circuit.  As to the
first *Bluetooth* factor, the class is receiving a monetary distribution.  Counsel requests 33% of the
fund in fees.  The payout to the classes and LWDA after deducting the requested attorneys' fees,
the requested enhancement award, actual litigation costs, and actual settlement administration
costs would be $1,203,077.61.  The requested fees are approximately 51% of the class and LWDA
payout.  This ratio is within the range that courts deem acceptable and non-collusive.[4]  *See, e.g.*,
*Harris v. Vector Marketing Corp.*, No. C-08-5198 EMC, 2011 WL 4831157, at *6 (N.D. Cal. Oct.
12, 2022) (finding a 4:1 ratio of requested fees to actual payout troubling); *Chen v. Chase Bank
USA, N.A.*, No. 19-cv-01082-JSC, 2020 WL 3432644, at *8 (N.D. Cal. June 23, 2020) (noting
potential red flag where request for fees was nearly the same as class member payout); *Camilo v.
Ozuna*, No. 18-cv-02842-VKD, 2020 WL 1557428, at *8 (N.D. Cal. Apr. 1, 2020) (not finding
collusion where class counsel's request for fees amounted to about 52% of the total payment to
the class).  As to the second *Bluetooth* factor, there is a limited clear-sailing provision.  Defendant
agreed in the settlement to not oppose fees up to 25% of the fund and an enhancement payment of
$3,500 for Plaintiff.  As to the third *Bluetooth* factor, the settlement provides that the gross
settlement amount of $1,850,000, which includes class counsel fees, is "non-reversionary."
Settlement Agreement at 6, 20.

In sum, only the second *Bluetooth* warning sign exists, and in limited form.  The Court
finds no collusion.  S*ee Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 258 (N.D. Cal.
2015) (finding no collusion "[n]otwithstanding the existence of two of the three warning signs"

---

[4] Although 75% of the PAGA settlement is paid to LWDA and not to the PAGA Class, because
this is a payment to a non-party government entity and not a fee or cost awarded to Plaintiff, his
counsel, or his agents, the Court has included this amount in the class payout portion in comparing
the requested fees to the total class payout.  Even excluding the $208,125 payment to LWDA from
the class payout, the total class payout would be $994,952.61.  The fees would be approximately
61% of the class payout and the Court finds that this would not amount to a disproportionate
distribution to fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                                   Date:   August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

because the settlement adequately satisfied the class members' claims, reflected in part by the lack of objections, and parties engaged in settlement talks overseen by a neutral mediator). The Court concludes that the terms of the proposed award of fees weighs in favor of approval.

(iv) Settlement Agreement

The parties have submitted the Settlement Agreement and Amendment No. 1 as required under Rule 23(e)(3). Dkt. No. 31-1 at 24-112; Dkt. No. 39-1 at 15-51. Here, the Court will consider *Hanlon* factor 4, the amount offered in settlement.

The total amount for this settlement is $1,850,000. After deduction of requested fees, litigation costs, the class representative enhancement payment, administrator costs, the PAGA Settlement Amount, and the FCRA Settlement Amount, the Net California Settlement Fund is $931,917.61, with no reversion to Defendant.[5] Mot. for Final Approval at 7.

There are 1,063 Settlement California Class Members, who worked a total of 57,037 Work Weeks during the California Class Period. Simpluris Decl. ¶ 15. The Escalator Clause was not triggered, and the California Class Period remains November 17, 2017 through November 26, 2023. *Id.* ¶ 16. The amount to be allocated through payments to the Settlement California Class Members is approximately $858,243.21, after deduction of employer taxes. *Id.* ¶ 17. This results in a payment of approximately $15.05 per Compensable Work Week for the Settlement California

---

[5] Class counsel and Simpluris use different calculations of the Net California Settlement Fund. First, Simpluris has deducted employer taxes that will be withheld to come to the Net California Settlement Fund in the Simpluris Declaration. However, employer taxes are not deducted from the Gross Settlement Amount in the definition of the Net California Settlement Fund in the Settlement Agreement. Settlement Agreement at 7. Thus, the Court will not deduct employer taxes when it calculates the Net California Settlement Fund. Additionally, actual litigation costs were less than the anticipated amount that Simpluris used to calculate the estimated Net California Settlement Fund. The Court has re-calculated the estimated payments based on a deduction of the actual litigation costs. Finally, the Court notes that the actual Net California Settlement Fund and payments should be higher than the estimated amounts in this section because the Court reduces the attorneys' fees award later in this Order. However, in considering the terms of the settlement agreement and the amount offered in settlement, the Court uses the requested fees amount.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 22-00145 RAO                          Date:    August 23, 2024
Title:       Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

Class Members.  The average estimated Individual California Settlement Payment is $806.22, with payments ranging from $15.05 to $4,740.75.  *Id.* ¶ 18(a).[6]

There are 727 PAGA Group Members, who worked a total of 18,352 Compensable Pay Periods.  *Id.* ¶ 18(b).  The total PAGA Group Member Amount is $69,375, to be allocated by Compensable Pay Periods.  *Id.*  This results in a payment of $3.78 per Compensable Pay Period.  The average estimated Individual PAGA Settlement Payment is $95.43, with payments ranging from $3.48 to $366.68.  *Id.* ¶ 19(a).[7]

There are 142 Settlement FCRA Class Members.  *Id.* ¶ 20.  The total FCRA Settlement Amount is $11,660.  *Id.*  This results in an Individual FCRA Settlement Payment of $82.11.  *Id.* ¶ 21.

The Court finds that amount offered for settlement is reasonable and within the range of other class action settlements that courts have approved.  *See, e.g.*, *Lusk v. Five Guys Enters., LLC*, No. 1:17-cv-0762 JLT EPG, 2023 WL 4134656, at *5, 15 (E.D. Cal. June 22, 2023) (approving California wage and hour class action with average payment of $326.59); *Sarabia v. Ricoh USA, Inc.*, No. 8:20-cv-00218-JLS-KES, 2023 WL 3432160, at *1, 4 (C.D. Cal. May 1, 2023) (approving California wage and hour class action and PAGA settlement with average payment of approximately $1,213.26); *Esomonu v. Omnicare, Inc.*, No. 15-cv-02003-HSG, 2019 WL 499750, at *4 (N.D. Cal. Feb. 2019) (collecting cases that approved FCRA awards less than $50 and approving $17.31 payment); *see also* 15 U.S.C. § 1681n(a) (providing statutory damages of $100-$1,000 for violations of the FCRA).

The Court has considered all terms of the settlement agreement and finds that they support approval of the settlement as fair, reasonable, and adequate.

(v)      *Equitable treatment of class members*

This factor "calls attention to a concern that may apply to some class action settlements— inequitable treatment of some class members vis-a-vis others. Matters of concern could include

---

[6] There are two paragraphs numbered 18 in the Simpluris Declaration.  The Court will refer to the first as paragraph 18(a) and the second as 18(b).
[7] There are two paragraphs numbered 19 in the Simpluris Declaration.  The Court will refer to the first as paragraph 19(a) and the second as 19(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                           Date:   August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2) Advisory Committee's Note to 2018 Amendment.

Here, each class member will receive a payment as no class members have filed a request for exclusion. For the California Class members, payment will be made according to the number of Work Weeks, which the Court previously found to be a fair method of allocation for the wage and hour claims. *See* Dkt. No. 42 at 10; *Gagnier v. Siteone Landscape Supply LLC*, No. SACV2101834CJCDFMX, 2023 WL 8116831, at *9 (C.D. Cal. June 6, 2023) (approving individual settlement amounts based on pro rata share of workweeks as an appropriate proxy for the degree of harm that the individuals likely suffered due to alleged unlawful conduct). The FCRA payments are the same for each FCRA Settlement Class Member and thus equitable. Because Plaintiff expended efforts in bringing and pursuing this case through settlement, Plaintiff is entitled to a higher award as set forth below. The Court finds that the settlement will treat class members equitably relative to each other.

c.    *Other* Hanlon *factors*

The Court addresses the remaining *Hanlon* factors that were not addressed above.

*Hanlon* factor 7 is neutral because there is no governmental participant. The eighth factor is the reaction of class members. There have been no requests for exclusion, notices of objection, or Compensable Work Weeks disputes. The class has responded positively to the settlement, favoring approval. *See Nat'l Rural Telecomm.*, 221 F.R.D. at 529 ("The absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement. It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

In sum, the Court has considered the Rule 23(e)(2) factors, the *Bluetooth* factors, and the *Hanlon* factors. The Court finds that the settlement is fair, reasonable, and adequate and GRANTS the Motion for Final Approval.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                               Date:   August 23, 2024

Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

## III.   PAGA SETTLEMENT

An aggrieved employee may bring a civil action under PAGA on behalf of himself or herself and other current or former employees for violation of the California Labor Code under any provision of the code that provides for a civil penalty.  Cal. Lab. Code § 2699(a).  Civil penalties recovered by aggrieved employees are distributed as follows: 75% to the LWDA and 25% to the aggrieved employees.  Cal. Lab. Code § 2699(i).  The aggrieved employee or representative must provide the LWDA with a file-stamped copy of the complaint within 10 days following commencement of a PAGA action.  Cal. Lab. Code § 2699(l)(1).  The Court must review and approve any settlement of a PAGA action, and the proposed settlement shall be submitted to the LWDA at the same time that it is submitted to the Court.  Cal. Lab. Code § 2699(l)(2).

There is no definitive standard for approval of a PAGA settlement.  *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019).  In response to an invitation for comments in a class action in the Northern District of California, LWDA explained that "[it] is thus important that when a PAGA claim is settled, the relief provided for under the PAGA be genuine and meaningful, consistent with the underlying purpose of the statute to benefit the public and, in the context of a class action, the court evaluate whether the settlement meets the standards of being fundamentally fair, reasonable, and adequate with reference to the public policies underlying the PAGA."  *O'Connor v. Uber Techs., Inc.*, 201 F. Supp. 3d 1110, 1133 (N.D. Cal. 2016) (citing LWDA Response).  District courts have applied a "Rule 23-like standard."  *Haralson*, 383 F. Supp. 3d at 972.

The PAGA settlement amount of $277,500 is 15% of the Gross Settlement Amount.  As explained in the order granting preliminary approval, this is higher than ranges generally approved by courts.  *See Contreras v. Armstrong Flooring, Inc.*, No. CV 20-8037 PSG (SKx), 2020 WL 11271958, at \*9 (C.D. Cal. Dec. 11, 2020); *see also Rivera v. Marriott Int'l, Inc.*, 2:19-cv-05050-ODW (KSx), 2023 WL 3766504, at \*8 (C.D. Cal. June 1, 2023) (noting that four percent PAGA payment was low but not outside the range of possible approval); *Tamimi v. SGS North America Inc.*, No. SACV 19-965 PSG (KSx), 2021 WL 3417645, at \*9 (C.D. Cal. Mar. 2, 2021) (noting that PAGA allocation of ten percent of the gross settlement amount was higher than the range typically approved).  A higher allocation to the PAGA settlement does not raise concerns that Plaintiff is "skirting the special responsibility to his fellow aggrieved workers or using the PAGA claim merely as a bargaining chip."  *Tamimi*, 2021 WL 3417645, at \*10 (citing *O'Connor*, 201 F. Supp. 3d at 1134).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:    CV 22-00145 RAO                          Date:    August 23, 2024

Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

Additionally, as it found in the motion for preliminary approval, the Court finds that the amount of the settlement allocated to the PAGA claims is fair. *See* Dkt. No. 42 at 13-15; *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 971 (N.D. Cal. 2019) ("In this district, courts have raised concerns about settlements of less than 1% of the total value of a PAGA claim.").

The PAGA Group members will be paid on a *pro rata* basis based on their number of compensable pay periods. Settlement Agreement at 23-24. Under PAGA, the established civil penalty is calculated based on the number of aggrieved employees per pay period. Cal. Lab. Code § 2699 (f)(2). Thus, allocation of the PAGA payment according to compensable pay periods is fair.

As part of the Rule 23 analysis for the California Class, the Court has reviewed the strengths and weakness of the class action claims for violations of the California Labor Code, and the risks of proceeding without settlement. The Court has considered the policies underlying PAGA and finds that the PAGA settlement as part of this class action settlement is fundamentally fair, reasonable, and adequate.

During the hearing on the motion for preliminary approval, Plaintiff's counsel indicated that counsel had submitted a conformed copy of the PAGA complaint and Plaintiff's motion for preliminary approval to LWDA. Dkt. No. 42 at 15. The Court directed Plaintiff's counsel to submit the FAC and Amendment No. 1 to LWDA and to include proof of submission with Plaintiff's motion for final approval. Dkt. No. 42 at 15.

As the Court noted during the August 21, 2024 hearing, Plaintiff's counsel did not include proof of submission of the documents to LWDA in its motion for final approval. The Court directed counsel to submit a declaration with proof of submission following the hearing. *See* Dkt. No. 48. On August 23, 2024, Plaintiff's counsel timely filed a declaration showing that the settlement documents have been filed with LWDA. Dkt. No. 49. The Court finds that Plaintiff has complied with the requirements under PAGA to submit the proposed settlement to LWDA.

In conclusion, the Court approves the PAGA portion of the settlement.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-00145 RAO                        Date:  August 23, 2024

Title:     Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

## IV.  MOTION FOR FEES

### A.  Attorneys' Fees

Class counsel requests an award of attorneys' fees of $610,500, which amounts to 33% of the settlement fund.  Fees Mot. at 1.  Defendant opposes the request to the extent it exceeds 25% of the settlement fund.  Opp'n at 1-3.

#### 1.  Legal Standard

Under Rule 23(h), the Court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement.  Fed. R. Civ. P. 23(h).  The claim for an award must be made by motion.  Fed. R. Civ. P. 23(h)(1).

The Court "must carefully assess" the reasonableness of the fee award.  *See Staton*, 327 F.3d at 963.  The district court has discretion in common fund cases to choose either the percentage-of-the-fund or the lodestar method.  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).  For the percentage-of-the-fund method, the benchmark rate in the Ninth Circuit is 25%.  *Id.* at 1047-48; *see also Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 448 (E.D. Cal. 2013) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value, with 25 percent considered a benchmark percentage.").

Courts may consider several factors in assessing a request for attorneys' fees under the percentage-of-recovery method, including: "the extent to which class counsel 'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (citing *Vizcaino*, 290 F.3d at 1047-50).  Courts may "cross-check" the percentage-of-recovery figure against a lodestar calculation.  *Id.* at 955.

///

///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 22-00145 RAO | Date: | August 23, 2024 |
| Title: | Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al. | | |

      2.    <u>Discussion</u>

This is a common fund case.  The Court chooses to award fees under the percentage-of-recovery method.  Because counsel requests 33% of the fund, the Court considers whether an upward departure from the 25% benchmark is appropriate.

      a.    *Reasonableness of percentage*

In considering the various factors set forth by the Ninth Circuit, the Court finds that an upward departure to 29% is warranted.

The settlement class members will receive meaningful financial payments, though there is a significant discount from the maximum potential liability at trial.  Thus, the Court considers the result obtained by counsel as good, but not exceptional.  As to the burdens experienced by class counsel, though counsel appears to be experienced and skillful, there was not a lot of activity in this case because it settled at an early stage.  There were no significant motions or discovery disputes that needed to be resolved.  Additionally, as noted by the Court at the August 21, 2024 hearing, there were some deficiencies in Plaintiff's counsel's performance with respect to compliance with the Court's February 21, 2024 order granting preliminary approval.  As explained above, Plaintiff's counsel did not comply with the directive to provide proof of submission to LWDA.  Additionally, the order required counsel for both parties to appear in person for the hearing on the motion for final approval.  *See* Dkt. No. 42 at 15.  However, Plaintiff's counsel failed to read or calendar this portion and appeared by video for the August 21, 2024 hearing.

Other factors weigh in favor of a slight upward departure.  There was significant investigative work and informal discovery, and some formal written discovery.  Counsel prosecuted the matter on a contingent basis.  The class has reacted positively to the settlement.

Weighing these considerations, the Court finds that an upward departure is warranted, but not to the extent requested by counsel.  The Court also notes that it has not adopted its tentative ruling provided at the August 21, 2024 hearing after considering the arguments of counsel and the totality of the circumstances.  The Court finds that 29% of the fund, or $536,600, is a reasonable attorneys' fees award for this class action settlement.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-00145 RAO                    Date:  August 23, 2024
Title:        Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

b.    *Lodestar cross-check*

Counsel represents that the total lodestar is $411,230.  While the Court does not necessarily approve of the use of the blended rate or the lack of transparency regarding the division of work between the five attorneys on the case, the Court finds that the multiplier is acceptable.  Using counsel's calculated lodestar, the multiplier is 1.30.  Even if the Court applied a 30% cut to the calculated lodestar due to the use of the blended rate and the lack of transparency regarding billing among the five attorneys, the multiplier would remain below two, which the Court considers reasonable under the circumstances.  *See, e.g.*, *Bellinghausen*, 306 F.R.D. at 265 (finding a 1.49 multiplier to be appropriate and at the low end of the Ninth Circuit's scale); *Singh v. Roadrunner Intermodal Servs., LLC*, No. 1:15-cv-01497-DAD-BAM, 2019 WL 316814, at *10 (E.D. Cal. Jan. 24, 2019) (finding a multiplier of approximately 2.03 was "still clearly in the range that courts have found to be acceptable").

In sum, the Court grants-in-part Plaintiff's counsel request for attorneys' fees and sets the attorneys' fees award at $536,600, or 29% of the fund.

**B.    Litigation Costs**

Class counsel are entitled to reimbursement of the out-of-pocket costs that they reasonably incurred investigating and prosecuting this case.  *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1049 (S.D. Cal. 2015).

The Settlement Agreement permitted Plaintiff's counsel to seek litigation costs up to $25,000.  Counsel seek reimbursement of $12,422.39 in litigation costs.  Fees Mot. at 35.  This includes out-of-pocket costs for mediation fees, filing fees, service fees, and messenger fees, as itemized in counsel's declarations.  *See* Hosseini Decl. ¶ 20 & Ex. B.

The Court has reviewed the request for costs and supporting declaration and exhibit and finds the costs to be reasonably incurred in prosecuting this case.  The Court awards Plaintiff's counsel $12,422.39 in litigation costs.

**C.    Incentive Award**

Plaintiff requests an enhancement payment of $5,000.  Mot. for Fees at 16.  Defendant opposes the request to the extent it exceeds $3,500.  Opp'n at 3-5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 22-00145 RAO                                    Date:  August 23, 2024

Title:  Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

<br>

        1.  Legal Standard

      "[N]amed plaintiffs are eligible for reasonable incentive payments." *Staton*, 327 F.3d at 977. "The district court must evaluate their awards individually, using relevant factors including the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Id.* (citation and quotation marks omitted). The Court may consider "the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment" in determining whether a proposed incentive award is excessive. *Id.* Additional factors for consideration include: "1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation[;] and[] 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

        2.  Discussion

      Here, Plaintiff has spent approximately 39 hours researching and investigation his claims, and assisting his attorneys and the class. Cruz Suppl. Decl. ¶¶ 8-12. Additionally, Plaintiff has agreed to a broader release of claims than the rest of the class. As such, the Court will award Plaintiff with an incentive payment. A $5,000 enhancement payment is presumptively reasonable. *Mostajo v. Nationwide Mutual Ins. Co.*, No. 2:17-cv-00350-DAD-AC, 2023 WL 2918657, at *13 (E.D. Cal. Apr. 12, 2023) (collecting cases and finding that "courts of the Ninth Circuit typically find incentive awards of $5,000 to be 'presumptively reasonable'"); *Bey v. Mosaic Sales Solutions US Operating Co., LLC*, CV 16-6024 FMO (RAOx), 2020 WL 10816438, at *8 (C.D. Cal. Mar. 2, 2020) (approving $5,000 incentive award as presumptively reasonable and not creating a conflict of interest). Moreover, a plaintiff in an employment action "risks retaliation or blacklisting," further supporting a reasonable enhancement payment. *Mostajo*, 2023 WL 2918657, at *13. The Court finds that the requested $5,000 payment is reasonable for Plaintiff's work in this litigation, the broader release that applies to only Plaintiff, and the risk to Plaintiff in bringing suit.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 22-00145 RAO                     Date:   August 23, 2024

Title:       Cruz Perez Jr. v. Bodycote Thermal Processing, Inc. et al.

### D.    Settlement Administration Costs

The claims administrator in this action is Simpluris.  According to Lisa Pavlik, a Project Manager at Simpluris, Simpluris' total costs for services in connection with the administration of this settlement are $19,000.  Simpluris Decl. ¶¶ 1, 19(b).  Simpluris' work includes: establishing and maintaining the settlement fund account; establishing and maintaining a calendar of settlement-related deadlines and responsibilities; printing and mailing the class notices; performing skip-tracing as needed; receiving, validating, and tracking any requests for exclusion, notices of objection, or compensable work weeks disputes; processing and mailing settlement payments; determining any appropriate tax withholdings; and providing counsel with weekly reports.  *Id.* ¶¶ 3, 19(b).  The Court finds that these claims administration costs are reasonable and awards $19,000 in claims administration costs incurred by Simpluris.

## V.    CONCLUSION

Plaintiff's Motion for Final Approval is GRANTED.  Plaintiff's Motion for Fees is GRANTED-IN-PART as set forth above.  A judgment shall issue concurrently.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    _____jm_____