JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUZ PEREZ JR., individually, and on behalf of other members of the general public similarly situated;<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BODYCOTE THERMAL PROCESSING, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>　　　　Defendant. | Case No.: 2:22-cv-00145-RAO<br><br>**JUDGMENT** |

　　　　Pursuant to the Order Granting Motion for Final Approval of Class Action and PAGA Settlement [43] and Granting-In-Part Motion for Class Counsel Award and Class Representative Enhancement Payment entered concurrently herewith, and in accordance with Rule 58 of the Federal Rules of Civil Procedure, it is HEREBY ORDERED AND ADJUDGED as follows:

　　　　1.　　All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

　　　　2.　　This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

**JUDGMENT**

3. The Court hereby grants final approval of the Settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Class as a whole. The Court finds that the Settlement satisfies the standards for final approval of a class action settlement under federal law. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to the Settlement submitted by Class Members. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

4. With respect to the Class (as defined below) and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiff are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient adjudication of this controversy; and (e) the counsel of record for Plaintiff, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Court finally certifies the following Class for Settlement purposes only:

> All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the California Class Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies ("California Class" or "California Class Members").
>
> Plaintiff and individuals in the United States who applied for employment with Defendant and with respect to whom Defendant procured a background check during the FCRA Class Period ("FCRA Class" or "FCRA Class Members").
>
> California Class Members and FCRA Class Members referred to together regardless of whether persons are members of one or both of the defined classes ("Class" or "Class Members").

5. The Court confirms Arby Aiwazian, Joanna Ghosh, Vartan Madoyan, and Selena Matavosian of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiff Cruz Perez Jr. as representative of the Class ("Class Representative").

6. The Notice of Proposed Class Action Settlement and Hearing Date for Court Approval ("Class Notice") that was provided to the Class Members, fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law.  The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information. The Court therefore determined that all members of the Class have been given proper and adequate notice of the Settlement.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Class Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. All Class Members and other persons wishing to be heard have been heard. The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the California Class Settlement and/or FCRA Class Settlement. Accordingly, the Court determines that all California Class Members who do not submit a valid and timely Request For Exclusion from the California Class Settlement ("Settlement California Class Members") and all FCRA Class Members who do not submit a valid and timely Request for Exclusion from the FCRA Class Settlement ("Settlement FCRA Class Members") are bound by this Order Granting Final Approval of Class Action and PAGA Settlement ("Final Approval Order and Judgment").

8. The Court finds that the plan for distribution of the Gross Settlement Amount to Settlement Class Members set forth in the Settlement is fair, reasonable and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure and orders the parties to consummate the settlement in accordance with the terms of the Settlement Agreement.

9. The Court finds that payment of Settlement Administrator Costs in the amount of $19,000.00 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby ordered that the Settlement Administrator, Simpluris, Inc., shall issue payment to itself in the amount of $19,000.00, in accordance with the Settlement Agreement.

10. The Court finds that the Class Representative Enhancement Payment sought is fair and reasonable for the work performed by Plaintiff on behalf of the Class Members. It is hereby ordered that the Settlement Administrator issue payment in the amount up to $5,000.00 to Plaintiff Cruz Perez Jr. for his Class

Representative Enhancement Payment, according to the terms set forth in the Settlement Agreement.

11. The Court finds that attorneys' fees in the amount of $536,600 to Lawyers *for* Justice, PC ("Class Counsel") falls within the range of reasonableness, and the results achieved justify the award sought. The attorneys' fees to Class Counsel are fair, reasonable, and appropriate, and are hereby approved. It is hereby ordered that the Settlement Administrator issue payment in the amount of $536,600 to Lawyers *for* Justice PC, in accordance with the Settlement Agreement.

12. The Court finds that litigation costs and expenses in the amount of $12,422.39 to Class Counsel are reasonable, and hereby approved. It is hereby ordered that the Settlement Administrator issue payment in the amount of $12,422.39 to Class Counsel for litigation costs and expenses, in accordance with the Settlement Agreement.

13. The Court finds that the allocations of $277,500.00 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Settlement Amount"), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Settlement Amount as follows: the amount of $208,125.00 to the California Labor and Workforce Development Agency ("LWDA Payment"), and the amount of $69,375.00 ("PAGA Group Member Amount") to be distributed to all current and former hourly-paid or non-exempt employees who worked for Defendant in California at any time during the PAGA Period, whether employed directly by Defendant or indirectly through Temporary Staffing Agencies ("PAGA Group Members"), according to the terms set forth in the Settlement Agreement.

14. The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have given a release of any and all Released California Class Claims and Released FCRA Class Claims against any

and all California Class Released Parties and FCRA Released Parties, respectively, and PAGA Group Members and the State of California shall be conclusively determined to have given a release of any and all Released PAGA Claims against any and all PAGA Released Parties., as set forth in the Settlement Agreement and Class Notice.

15. Plaintiff and all Settlement Class Members and PAGA Group Members, and anyone action on their behalf are permanent and forever barred and enjoined from instituting, commencing or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself or herself, or in any other capacity of any kind whatsoever, any action in this Court, any other court or any arbitration or mediation proceeding or any other similar proceeding, against any Released Parties that asserts any claims that are Released Claims under the terms of the Settlement.

16. In compliance with the requirements of 28 U.S.C. § 1715(d), on December 8, 2023, counsel for Defendant provided notice of the Settlement to the appropriate state and federal officials, more than 90 days have elapsed since Defendant provided such notice and no state or federal official have raised or served written objections or concerns regarding the Settlement or appeared at the final fairness hearing to object to the Settlement.

///

17. In compliance with the requirements of California Labor Code § 2699(1)(2), counsel for Plaintiffs provided notice to the LWDA of the Settlement on January 3, 2024, and submitted a copy of the Amendment to the Settlement Agreement to the LWDA on February 21, 2024. Plaintiff's counsel received no objections from the LWDA regarding the Settlement.

18. It is hereby ordered that Defendant shall fund the Gross Settlement Amount pursuant to the Settlement Administrator's instructions no later than

1  fourteen (14) calendar days after the Effective Date, in accordance with the
2  Settlement Agreement.

3      19.  It is hereby ordered that the Settlement Administrator shall distribute the Individual California Settlement Payments, the Individual FCRA Settlement Payments and Individual PAGA Settlement Payments to each Settlement Class Member and PAGA Group Member, within fifteen (15) calendar days following the funding of the Gross Settlement Amount, according to the methodology and terms set forth in the Settlement Agreement.

4      20.  It is hereby ordered that any and all checks issued shall indicate on their face that, consistent with standard bank procedures, they are void if not negotiated within one hundred and eighty (180) calendar days of their issuance, and the uncashed checks will be deposited within the State of California Controller's Office of Unclaimed Funds in the name of the individual to whom the check had been addressed, according to the methodology and terms set forth in the Settlement Agreement.

5      21.  The Final Approval Order and Judgment of Dismissal and the Settlement, and all papers related thereto, are not and shall not be construed to be an admission by Defendant of any liability, claim or wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this action or in any other proceeding.

6      22.  After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

7      23.  Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members.  A copy of this Final Approval

Order and Judgment shall be posted on the Settlement Administrator's website, which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

24. The Court enters final judgment in this action and dismisses this action with prejudice and without prevailing party costs.

**IT IS SO ORDERED.**

DATE: 8/23/2024

/s/
The Honorable Rozella A. Oliver
Magistrate Judge of the United States District Court